## JOHNSON v. RAY.

Court of Appeals of Kentucky.

March 5, 1954.

Dan Jack Combs, Pikeville, for appellant.

P. B. Stratton, Henry D. Stratton, P. K. Damron, Pikeville, for appellee.

CAMMACK, Judge.

W. H. Johnson is appealing from a judgment directing him to remove a wall and the footing thereof constructed by him along Road Fork of Indian Creek at the rear of his property. The specific direction was that he remove the wall and "any and all of the footing of said wall extending above the bed of the creek." He was also directed to remove any filling behind the wall and to restore the creek bed and the slope of the creek bank "to its natural condition as it was immediately before said wall and fill were made." Mrs. Myrtle Osborne Ray, who owns the property across the creek from Johnson's property, and who instituted this action, was denied damages. The chancellor said that he did "not feel justified in awarding to the plaintiff anything for damages sustained, and feels that the relief granted will compensate the plaintiff and protect her in the future." Mrs. Ray has filed a cross appeal.

Johnson began the construction of the retaining wall in November, 1951. A few days after this work had started Mrs. Ray instituted this action to have Johnson enjoined permanently from building the wall, and to recover $500 damages. Mrs. Ray was granted the injunctive relief sought by her. A motion to dissolve that injunction was filed before a Judge of this Court, and, in February, 1952, Judge Porter Sims, now Chief Justice, with the concurrence of other members of this Court, dissolved the temporary injunction because Mrs. Ray had failed to prove that she had suffered or would suffer irreparable injury by reason of Johnson's building the wall.

From the outset, it was contended by Mrs. Ray that Johnson was placing the footing for the retaining wall in the creek bed. On the other hand, Johnson was contending that the footing was being placed along the edge of the creek, and that, since the bank was higher on his side than on Mrs. Ray's side, the building of the wall would in no way injure her property. On final hearing there was proof for Johnson showing that the building of the wall would tend to lessen rather than increase the possibility of additional water being thrown over Mrs. Ray's land. Road Fork is a small stream ranging in width from four to six feet. It has rarely been known to overflow its banks. Mrs. Ray's father, who had lived in the vicinity for a number of years, said that he had never known the creek to overflow her land. It was his opinion that the land was worth as much after the wall was built as it was before. Mrs. Ray and her husband testified that her land had been damaged to the extent of $500 as a result of the building of the wall. She said that the footing and some of the wall had been placed along the center of the stream, and that the width of the stream had been lessened materially. After the wall was built Johnson had the bed of the stream cleaned out and the refuse thrown behind his wall. While that work was being done some rocks were placed along the water line of Mrs. Ray's property. She sought to show that her property had been damaged by the placing of those rocks. There was testimony also that the rainfall in Pike County was greater during the fall of 1951 and the spring of 1952 (and after the wall had been built) than in previous years. There was no factual showing that Mrs. Ray's property was overflowed or damaged during that period.

Injunctive relief is an extraordinary remedy, and courts, generally, are reluctant to grant relief by means of a mandatory injunction, except in extreme necessity. Kentucky Utilities Co. v. Carlisle Ice Co., 279 Ky. 585, 131 S.W.2d 499. We find ourselves in substantially the same position we were in when the case was before Judge Sims in 1952. Mrs. Ray has failed to prove that she has suffered or will suffer irreparable injury to her property by reason of the wall built by Johnson. Therefore, we do not think that Johnson should have been directed to remove it.

The judgment is reversed on the appeal, with directions to set it aside and to enter a judgment in conformity with this opinion. On the cross appeal the judgment is affirmed.