OSCAR EWING, Inc., et al., Movants,

v.

Joe MELTON, d/b/a Melton's Grocery, Respondent.

Court of Appeals of Kentucky.

Jan. 31, 1958.

Robert P. Hobson, John P. Sandidge, Woodward, Hobson & Fulton, Louisville, for appellant.

Edward T. Ewen, Jr., and R. D. McAfee, Louisville, for appellee.

CLAY, Commissioner.

Under the provisions of KRS 365.070, plaintiffs brought action to enjoin the defendant from selling milk allegedly below cost in violation of KRS 365.030. The suit was filed in October 1956, and a year later plaintiffs moved for a temporary injunction. The motion was overruled. On application made to this Court under CR 65.11, such relief was denied by order of November 13, 1957. Still persisting in their efforts to obtain a *temporary* injunction, plaintiffs have moved to set aside our order of November 13.

By oral argument and brief plaintiffs have ably presented their claim to a favorable final judgment on the merits of the controversy. That issue, however, is not one with which we are primarily concerned. A motion for a temporary injunction does not call for, or justify, an adjudication of the ultimate rights of the parties. The controlling issues on such a motion are these:

1. Are plaintiffs suffering immediate, irreparable and serious injury at the present time, or will they suffer such injury pending a final decision?

2. Are plaintiffs seeking to maintain the status quo, or are they requesting mandatory relief which would require the defendant to change his course of action?

3. Do the equities of the situation justify the granting of such extraordinary relief at this time?

4. Did the Chancellor abuse his judicial discretion in denying the relief?

The injunction is an extraordinary remedy and will not be granted except upon a clear showing of an existing equitable right. See Richardson, Kentucky Practice, Volume 5, Section 2559; Tharp v. Louisville & N. R. Co., 307 Ky. 322, 210 S.W.2d 954. It is true that KRS 365.070 authorizes an injunction in this type of proceeding (thereby creating a presumption of irreparable injury), but such relief is conditioned upon a finding that the defendant has violated one or more provisions of the statute. Obviously this decisive finding can only be made on final hearing. The statute makes no provision for a temporary injunction, and an application therefor must be governed by basic equitable principles.

CR 65.03 authorizes a temporary injunction when the defendant is doing an act "tending to render a judgment ineffectual". This means that the plaintiff must establish the urgent necessity for immediate relief on the ground that he is now suffering or will suffer such serious and irreparable injury that even a favorable final judgment will not give him adequate relief. Obviously this remedy is extreme because it deprives the defendant of substantial rights before he has had an opportunity to present his defense to the action. As stated in 28 Am.Jur., Injunctions, Section 14:

"The application for a temporary injunction rests upon an alleged existence of an emergency, or of a special reason for such an order, before the case can be regularly heard; and the essential conditions for granting such temporary injunctive relief are that the complaint allege facts which appear to be sufficient to constitute a cause of action for injunction, and that on the entire showing from both sides it appear, in view of all the circumstances, that the injunction is reasonably necessary to protect the legal

rights of the plaintiff pending the litigation."

In Hager v. New South Brewing Company, 90 S.W. 608, 28 Ky.Law Rep. 895, it was pointed out that the extraordinary power to give temporary relief was not intended to dispense with the necessity for a trial on the merits of the controversy, and in that opinion it was said 90 S.W. at page 609:

"The exigency must be extreme, the threatened danger practically certain, and the consequent irremedial injury equally imminent, before the writ should be so employed."

■ It is apparent that the issuance of such an injunction constitutes a prejudgment of the controversy before the defendant has had his day in court, and doubtful cases should await final judgment. See Central Stock Yards Co. v. Louisville & N. R. Co., C.C., 112 F. 823, 828.

■ This is particularly true when mandatory relief is asked, as in the present case, which will change the status quo. Such relief, even on final hearing, will not be granted except in case of extreme necessity. Johnson v. Ray, Ky., 265 S.W.2d 782.

In Community Natural Gas Co. v. City of Cisco, 5 Cir., 65 F.2d 320, at page 321, it is said:

"The granting of a temporary injunction pendente lite is largely within the sound discretion of the trial court. The writ should not issue except to maintain the status quo or it is clearly shown that irreparable injury is imminent. * * * In this case appellant is not seeking to maintain the status quo. On the contrary it is seeking to change it. It is evident that the issues presented to the trial court are highly controversial and could not be satisfactorily decided on ex parte affidavits."

■ As just noted in the foregoing quotation, the right to a temporary injunction is addressed to the sound judicial discretion of the trial judge. We should not set aside his order unless it is clear that such discretion has been abused. 28 Am.Jur., Injunctions, Section 328. See Gregory v. Crain, 291 Ky. 194, 163 S.W.2d 289.

■ Considering plaintiffs' motion in the light of the foregoing principles, we are of the opinion the Chancellor's ruling and our former order were proper. The plaintiffs have failed to demonstrate any sort of emergency situation which would justify this extraordinary relief pending a final decision. As a matter of fact, the serious injury plaintiffs allege they will suffer is prospective rather than immediate. In addition, the relief asked is of the mandatory type which should be granted only under most compelling circumstances. Finally, we find no abuse of discretion by the Chancellor.

It should be evident from our foregoing discussion that our ruling on the motion for a temporary injunction does not constitute an adjudication of the parties' ultimate rights nor reflect any opinion with respect thereto. Significant issues of both fact and law appear in this record which can only be resolved on final hearing. They may not be decided on this motion.

■ The argument has been advanced that often the decision on review of an order granting or denying a temporary injunction will for all practical purposes finally dispose of the case, thus saving time and effort for the litigants and the courts. In rare instances where the merits were fully developed on the motion, and both parties have agreed that a ruling thereon would settle the controversy, we may in the past have given tacit approval to this result. However, this is not the function of a motion for a temporary injunction, and the desire of a party for a quick decision does not justify bypassing the trial court or the established procedures

for proper appellate review. Certainly the case before us does not present such elements of urgency as would call for the granting of relief by this Court at this stage of the proceedings.

The motion to set aside our former order of November 13, 1957, denying a temporary injunction, is overruled. The full Court sat in consideration of this motion.