Milburn MAUPIN et al., Movants,

v.

William B. STANSBURY, Respondent.

Court of Appeals of Kentucky.

Oct. 6, 1978.

As Modified Oct. 13, 1978.

S. Arnold Lynch, Louisville, Walter R. Butt, III, Louisville, for appellants.

Joseph J. Leary, Frankfort, for appellee.

## OPINION AND ORDER

Before MARTIN, C. J., and HOWERTON, and LESTER, JJ.

MARTIN, Chief Judge.

This action comes before the Court on a CR 65.07 motion by members of the City of Louisville's Board of Aldermen to dissolve a temporary injunction issued by the Jefferson Circuit Court. Because the parties have agreed to strike from the appellate record portions of the record below, the sole issue herein is whether the Mayor's verified complaint supports the September 18, 1978 order by which the trial court enjoined the Board of Aldermen from:

(1) Issuing or causing to be issued any subpoena compelling the Mayor to appear at any place at any time, for any purpose; and

(2) Expending public funds for the purposes of conducting an investigation, hearing, or other proceeding relating to the office of the Mayor of the City of Louisville.

In light of the discussion below, we conclude that the Board's motion to dissolve must be denied as part 1 of the temporary injunction, relating to the Board's power to subpoena the Mayor, and granted as to part 2, dealing with the expenditures of public funds by the Board.

## I.

The facts relative to the instant action are undisputed and may be briefly summarized. It appears that the dispute centers on a resolution and an ordinance recently enacted by the Louisville Board of Aldermen. Resolution No. 49, Series 1978, adopted by the Board on August 2, 1978, created a Select Committee of Inquiry. This Committee, composed of five members of the Board, was empowered to conduct an investigation to determine the extent, if any, of any illegal, improper, or unethical activities by the Mayor. Among other things, Resolution No. 49 provided that the Committee was empowered to hire personnel, take testimony, receive evidence, and compel the attendance of witnesses in furtherance of its investigation. Overriding the Mayor's veto on August 22, 1978, and again on September 12, 1978, the Board subsequently adopted Ordinance No. 78, Series 1978, which gave the Board the power to issue subpoenas in furtherance of any investigation.

After passage of Resolution No. 49, the Mayor was requested to produce his appointment book and to submit to questioning by members of the Committee. On advice of counsel, the Mayor refused to comply with these requests. Thereafter, on September 12, 1978, the Mayor filed a verified complaint in the Jefferson Circuit Court seeking a declaratory judgment pursuant to K.R.S. 418.040 as to the Board's power to establish the Select Committee, to authorize subpoenas, and to expend public funds to carry out an investigation. This complaint also sought a restraining order and permanent injunction.

On the basis of this verified complaint, the Jefferson Circuit Court entered a restraining order on the same day as the complaint was filed. This order restrained the Board of Aldermen from issuing subpoenas to the Mayor and from expending public funds for the purposes of investigating the Mayor's office. The next day, September 13, 1978, the Board filed a motion requesting the trial court to dissolve the restraining order. Hearing on this motion was set for September 14. The day of the hearing, a motion pursuant to CR 65.03 and CR 65.04 for a temporary injunction was filed by the respondent Mayor.

Both the motion to dissolve the restraining order and the motion for a temporary injunctive relief were heard by the trial court on September 14. The Board members subsequently filed their answer to the Mayor's complaint on September 15. On September 18, the circuit court entered its order granting the temporary injunction, thereby continuing the earlier prohibitions of the restraining order.

Because it is undisputed that the trial court had only the verified complaint and various motions before it on September 15, the Mayor's motion to strike all other documents from the record is hereby granted. A three-judge panel being required by CR 76.34(3) for a final disposition of this motion, we now address the CR 65.07 motion to dissolve.

## II.

 Because the injunction is an extraordinary remedy, sufficiency of the evidence below must be evaluated in light of both substantive and equitable principles. Realizing that the elements of CR 65.04 must often be tempered by the equities of any situation, injunctive relief is basically addressed to the sound discretion of the

trial court. *Bartman v. Shobe*, Ky., 353 S.W.2d 550 (1962); 42 Am.Jur.2d *Injunctions* § 357. Unless a trial court has abused that discretion, this Court has no power to set aside the order below. CR 65.07; *Oscar Ewing, Inc. v. Melton*, Ky., 309 S.W.2d 760 (1958). Although the *Oscar Ewing, Inc.* case, *supra*, dealt with appellate review of a *denial* of the temporary injunction, it is our opinion that the abuse of discretion test is equally applicable in our review of temporary injunctions which have been issued. Therefore, the sole question presented to this Court is whether the Mayor's verified complaint, standing alone, affords a sufficient basis for the trial court's issuance of this temporary injunction.

CR 65.04 sets out the substantive elements for temporary injunctive relief by providing that the remedy is warranted only where it is clearly shown that one's rights will suffer immediate and irreparable injury pending trial. The purpose of these requirements is to insure that the injunction issues only where absolutely necessary to preserve a party's rights pending the trial of the merits. Although the injunction is not to be substituted for a full trial on the merits, *Oscar Ewing Inc. v. Melton, supra*, it is clear that the party must show, either by verified complaint, affidavit, or other proof, that such harm is likely to occur unless the injunction issues.

In order to show harm to his rights, a party must first allege possible abrogation of a concrete personal right. *Morrow v. City of Louisville*, Ky., 249 S.W.2d 721 (1952). While the nature of this right may be, and usually is, disputed, it is clear that some substantial claim to a personal right must be alleged. Because a temporary injunction often has the effect of enforcing a mere claim of the right, doubtful cases should await trial of the merits. *Oscar Ewing, Inc. v. Melton, supra.*

In addition to showing that personal rights are at stake, CR 65.04 further requires a clear showing that these rights will be immediately impaired. Thus, the remote possibility of some feared wrong in the future is insufficient to support a trial court's award of a temporary injunction. *Chapman v. Beaver Dam Coal Co.*, Ky., 327 S.W.2d 397 (1959). Rather, the element of "immediacy" contemplates that the parties show an urgent necessity for relief. *McCloud v. City of Cadiz*, Ky.App., 548 S.W.2d 158 (1977). This means that "[a]n injunction will not be granted on the ground merely of an anticipated danger or an apprehension of it, but there must be a reasonable probability that injury will be done if no injunction is granted." *Hamlin v. Durham*, 235 Ky. 842, 32 S.W.2d 413, 414 (1930). Although the above cases dealt with permanent injunctive relief, we believe that the reasoning of those cases is equally applicable to temporary injunctive relief. We would further note, that in the area of temporary injunctive relief, the clearest example of irreparable injury is where it appears that the final judgment would be rendered completely meaningless should the probable harm alleged occur prior to trial. CR 65.04(1); *Oscar Ewing, Inc. v. Melton, supra* at 761.

In addition to the above substantive aspects of CR 65.04, various equitable considerations must also be evaluated. For example, in any temporary injunctive relief situation the relative benefits and detriments should be weighed. *Kentucky High School Athletic Association v. Hopkins*, Ky.App., 552 S.W.2d 685 (1977). Obviously, this entails a consideration of whether the public interest will be harmed by the issuance of the injunction or whether its effect will merely be to maintain the status quo.

CR 65.04 requires the party to "clearly show" the substantive aspects of that rule. However, the fact that the purpose of a temporary injunction is to afford only temporary relief creates some problems in ascertaining the degree of showing necessary to support the issuance of such an injunction. At a minimum, the rule contemplates that a mere allegation that irreparable injury will result is insufficient. Rather, "[t]he complaining party must allege and prove facts from which the court

can reasonably infer such would be the result." 42 Am.Jur.2d *Injunctions* § 48; *Morrow v. City of Louisville, supra; Oscar Ewing, Inc. v. Melton, supra.* However, to require one to carry an extremely high burden of proof as to his entitlement to the right would effectively dispose of the merits without a full trial. Where there has been no judicial determination as to the underlying controversy, we do not believe a rule requiring a party to show a substantial probability of success on those merits is an appropriate standard. *Harrison's Sanitarium v. Commonwealth,* Ky., 417 S.W.2d 137 (1967).

Rather, we believe the sufficiency of a verified complaint to support a temporary injunction should be evaluated by a balance-of-the-hardships test. That rule, well recognized in the federal system, provides that if the complaint shows a probability of irreparable injury and the equities are in favor of issuance, it is sufficient if the complaint raises a serious question warranting a trial on the merits. *Blackwelder Furn. Co. v. Seiling Mfg. Co., Inc.,* 550 F.2d 189, 193–94 (4th Cir. 1977); *Sonesta Int'l Hotels Corp. v. Wellington Assoc.,* 483 F.2d 247 (2nd Cir. 1973); *Stuart v. Nappi,* 483 F.Supp. 1235, 1240 (D.C.Conn.1978). *See generally Louisville Cycle & Supply Co., Inc. v. Baache,* Ky., 535 S.W.2d 230 (1976).

Therefore, in light of the above discussion, applications for temporary injunctive relief should be viewed on three levels. First, the trial court should determine whether plaintiff has complied with CR 65.04 by showing irreparable injury. This is a mandatory prerequisite to the issuance of any injunction. Secondly, the trial court should weigh the various equities involved. Although not an exclusive list, the court should consider such things as possible detriment to the public interest, harm to the defendant, and whether the injunction will merely preserve the status quo. Finally, the complaint should be evaluated to see whether a substantial question has been presented. If the party requesting relief has shown a probability of irreparable injury, presented a substantial question as to the merits, and the equities are in favor of issuance, the temporary injunction should be awarded. However, the actual overall merits of the case are not to be addressed in CR 65.04 motions. Unless a trial court has abused its discretion in applying the above standards, we will not set aside its decision on a CR 65.07 review.

Applying the above considerations to the matter at hand, we are of the opinion that the Mayor's verified complaint amply supports the trial court's grant of a temporary injunction only insofar as the Board's subpoena power is concerned. Unlike the plaintiffs in *Black Unity League of Kentucky v. Miller,* 394 U.S. 100, 89 S.Ct. 766, 22 L.Ed.2d 107 (1968), cited by the Board, the Mayor has alleged that he has already been requested to relinquish his appointment book and to submit to questioning. These allegations, being uncontroverted at the time of the hearing, set forth a strong probability that acts threatened by the Board could impair the Mayor's rights to such an extent that should a final judgment be rendered in his favor, such judgment would be entirely meaningless. CR 65.04(1). In addition, we are of the opinion that the equities of this situation further support the trial court's ruling as to the Board's subpoena power. The current effect of this injunction is merely to preserve the status quo. *Oscar Ewing, Inc. v. Melton, supra; Harrison's Sanitarium v. Commonwealth, supra.* Because of that effect, the injunction in no way impairs either the rights of the Board or the public interest. In fact, the only detriment to the Board is one of delay. Should a final judgment be rendered against the Mayor as to this issue, the subpoenas may be issued at that time. Finally, although we express no opinion as to the merits of this case, we do believe the uncontroverted allegations of this complaint raise serious questions as to the scope of Kentucky's Home Rule Act, K.R.S. 83.410 *et seq. Cf. Fiscal Ct. of Jefferson Co. v. City of Louisville,* Ky., 559 S.W.2d 478 (1977) (construing K.R.S. 67.083). Although we believe that a speedy resolution of this case is necessary, we cannot say on this CR 65.07

motion that the trial court abused its discretion by issuing part 1 of the temporary injunction.

■ However, as to part 2 of the injunction, relating to the Board's power to expend public funds in furtherance of an investigation, we are compelled to find an abuse of discretion. The complaint itself, although uncontroverted, alleges no facts as to how these expenditures will irreparably harm the Mayor. At the most, the complaint creates only a speculation of possible harm to the taxpayers as a group. There being no clear showing of possible irreparable injury to the Mayor's rights, part 2 of the temporary injunction is improper. *Morrow v. City of Louisville, supra* at 724.

In sum, having considered the complaint, the arguments of counsel, and the equities, it is hereby ORDERED that the motion to dissolve the temporary injunction is DENIED as to part 1 of the order relating to the Board's issuance of subpoenas, and GRANTED as to part 2 of the order relating to the Board's expenditure of public funds in furtherance of an investigation of the Mayor's office.

All concur.