COMMONWEALTH of Kentucky, REVENUE CABINET, et al., Movants,

v.

Custer PICKLESIMER, Appellee.

No. 94–SC–189–I.

Supreme Court of Kentucky.

July 21, 1994.

**STEPHENS, Chief Justice.**

The legal issue to be decided is whether the movant has demonstrated "extraordinary cause" so as to justify this Court to reverse a Court of Appeals order which upheld a temporary injunction issued by the Johnson Circuit Court. Believing that movants have failed to so show, we deny the relief sought.

Respondent, in 1993, was the duly elected Property Valuation Administrator (PVA) of Johnson County. On June 17, 1993, he was given notice by the Revenue Cabinet (hereinafter Cabinet) in which it stated its intent to remove him from office. This procedure is authorized by KRS 132.370 and 103 KAR 5:150. The grounds for removal were the alleged willful disobedience of respondent to assist in the "emergency" reevaluation of all real estate in Johnson County.

Respondent was afforded a so-called "pre-termination" hearing, at which his counsel was present. At this hearing, he was provided with a written notice of the charges against him and was given an explanation of the evidence supporting those charges. Following the hearing, on July 8, 1993, respon-

dent was removed from office. In November of 1993, respondent was re-elected as PVA in Johnson County. Although he took an oath of office on December 6, 1993, he did not post a fidelity bond as is required by KRS 62.050 and KRS 132.400.

Shortly thereafter, respondent filed an action in the Johnson County Circuit Court seeking his reinstatement as PVA and to enjoin the Cabinet from proceeding with the removal process. The circuit court, following a hearing on February 8, 1994, entered an order *reinstating* respondent as PVA. He further ordered the Cabinet to vacate the Johnson County PVA office. The court did not, however, enjoin the Cabinet from continuing with the removal proceeding. Following the entry of the temporary injunction, respondent obtained a fidelity bond and returned to work.

The Cabinet filed a CR 65.07 motion with the Court of Appeals, seeking a dissolution of the temporary injunction. The motion was denied.

The Cabinet now seeks relief in this Court under the aegis of CR 65.09. Ultimately, the Cabinet asks for an order reversing the Court of Appeals which, in effect, would dissolve the temporary injunction.

CR 65.09 authorizes interlocutory relief in the Supreme Court. Any party adversely affected by an order of the Court of Appeals may move this Court to modify or vacate such order. The rule states:

> The decision whether to review such order shall be discretionary with the Supreme Court. *Such a motion will be entertained only for extraordinary cause* shown in the motion.

In attempting to meet its burden of showing "extraordinary cause," the Cabinet presents two arguments:

1) The trial court's action in granting the temporary injunction was clearly erroneous, and,

2) The respondent did not timely file a fidelity bond and this fact serves as further extraordinary cause.

## I. WAS THE CIRCUIT COURT'S ORDER CLEARLY ERRONEOUS?

█ In its order, the circuit court did not address the issue of whether the removal of respondent by the Cabinet was proper. In fact, he specifically stated that such issue is one to be determined at a later date. His ruling was rather narrow:

> However, the remaining issue exists as to whether the Revenue Cabinet can prevent an elected and qualified official from taking office. *This Court holds that the Cabinet may not prevent Plaintiff from taking the office to which he was elected for the 1994–1998 term.* Plaintiff was removed from office during his previous term, not the current term. Therefore (sic) he is not disqualified from doing the job for which he was elected in November 1993. (Emphasis added).

The court carefully considered the requisites for issuing a temporary injunction as set out in the seminal case of *Maupin v. Stansbury*, Ky., 575 S.W.2d 695 (1978).

> Accordingly, the case must be viewed in light of the three requirements set forth in *Maupin*: (1) Has the plaintiff shown an irreparable injury; (2) Are the equities in plaintiff's favor, considering the public interest, harm to the defendant, and whether the injunction will merely preserve the status quo; and (3) Does the complaint present a substantial question?

The court then concluded that the plaintiff demonstrated an irreparable injury; viz, he was barred from serving in an office to which he had been elected. Addressing the respective equities of the parties, the court found that the public has an "unequivocal" interest in assuring that the candidate it elects to office is allowed to hold that office. Furthermore, the Cabinet had shown no injury that would be caused by allowing the plaintiff to serve in the office to which he had been elected. Finally, the court ruled that there is a substantial question about the legality of the Cabinet's action.

Under the circumstances, and with the more than adequate fact finding and legal conclusions of the trial court, we cannot do else but conclude that since all of the criteria set forth in *Maupin* were considered and met, the action of the trial court in granting the temporary injunction was not clearly erroneous. Therefore, the Cabinet has not met its burden in this argument, of demonstrating extraordinary cause.

## II. DOES THE FACT THAT THE RESPONDENT DID NOT TIMELY FILE HIS FIDELITY BOND SHOW "EXTRAORDINARY CAUSE?"

█ As stated, respondent was removed (albeit subject to appeal in the courts) from office in June of 1993. He was reelected in November of 1993. The trial court found, *as a matter of fact*, and it is not discussed or disputed by movant, that the respondent was "given repeated assurances from defendants [the Revenue Cabinet] that he would not be allowed to take office regardless of bond ..." The Johnson County PVA office was literally occupied and supervised by the Cabinet until the temporary injunction was issued on February 8, 1994. Immediately after that, respondent *did, in fact,* post the requisite bond. We concur with the trial court that, under these circumstances, respondent's "failure to acquire bond will be excused."

Having removed the respondent from office, and having told respondent he could not assume the office *even* if he posted bond, the Cabinet now argues that he can not serve because he did not post bond. The Cabinet cannot have it both ways.

The respondent litigated, and continues to do so, the legality of his removal from office. He was not permitted to assume the office— even for his *new term* of office. He did the only thing he could do. He litigated the matter. He was enabled to assume his newly elected office when the temporary injunction was issued. He posted the requisite fidelity bond *at once.*

Any delay in the posting of the bond was caused by the action of the Revenue Cabinet and it cannot now be heard that the respondent did not comply with the law.

The motion of the Revenue Cabinet to review the Court of Appeals and to dissolve the temporary injunction issued by the Johnson Circuit Court is denied.

STUMBO, J., not sitting.

CLEVELAND, Special Justice, and LAMBERT, LEIBSON, REYNOLDS, SPAIN, and WINTERSHEIMER, JJ., concur.