**J. Scott BLAKELY, Individually and as President of Bluegrass Lodge No. 4, Fraternal Order of Police, Appellant,**

v.

**Don BLEVINS, Fayette County Clerk and Lexington–Fayette Urban County Government, Appellees.**

No. 95–SC–811–I.

Supreme Court of Kentucky.

May 23, 1996.

Stephen D. Wolnitzek, Covington, for Appellant.

Julius Rather, Lexington, Mary Ann Delaney, Lexington–Fayette Urban County Government, Department of Law, Lexington, William H. McCann, H. Foster Pettitt, Penny R. Warren, Wyatt, Tarrant & Combs, Lexington, for Appellees.

STEPHENS, Chief Justice.

Appellant sought to amend the Lexington–Fayette Urban County Charter [hereinafter Charter] to require the Urban County Council [hereinafter Council] to bargain collectively with the Fraternal Order of Police. Appellant presented the Fayette County Clerk, Don Blevins, with a petition pursuant to the requirements in Article 14 of the Charter. Blevins refused to place the proposed amendment on the ballot for the November, 1995, election. This refusal was based upon the Fayette Circuit Court decision in *Blevins v. Lexington–Fayette Urban County Government,* Civil Action No. 94–CI–2381.

Appellant then moved the Fayette Circuit Court for injunctive relief, requesting the proposed amendment be put on the ballot. Upon denial by the trial court, appellant moved for interlocutory relief from the Court of Appeals, which was denied as well. This Court also denied appellant's motion for intermediate and interlocutory relief. Thereafter, this Court heard oral arguments on the merits of the proposed amendment.

Initially, we deny appellant's CR 65.09 motion as there was no showing of irreparable harm. *Maupin v. Stansbury,* Ky.App., 575 S.W.2d 695 (1978). Appellant's inability to place this proposed amendment on the November 1995 or 1996 ballot, does not rise to level of irreparable harm. Were appellant to prevail on the merits of his argument, the amendment could be placed on the ballot for the next election.

However, we now hold the proposed amendment to be an invalid attempt to amend the Charter because the Charter may only be amended as to the structure of urban county government. This finding is based upon the reasoning found in *Candler v. Blevins,* (95–SC–731), 922 S.W.2d 376 a case rendered this same date. Appellant urges this court to recognize his amendment as a "new plan or policy" of the Council instead of a limitation on the Council's power. We do not agree with appellant's characterization and therefore find appellant's proposed amendment invalid.

All concur.