**Charles GEVEDEN, Representative; Steve Nunn, Representative; Jim Wayne, Representative, Movants,**

v.

**COMMONWEALTH of Kentucky, Office of the Governor, ex rel. Ernie Fletcher, et al., Respondents.**

No. 2004–CA–001588–I.

Court of Appeals of Kentucky.

Sept. 3, 2004.

Walter A. Baker, Glasgow, KY, Phillip J. Shepherd, Frankfort, KY, for movants.

Sheryl G. Snyder, Jason P. Renzelmann, Frost Brown Todd LLC, Louisville, KY, John C. Roach, General Counsel, Office of the Governor, Frankfort, KY, for respondents.

Before DYCHE, JOHNSON, and KNOPF, Judges.

## OPINION AND ORDER

KNOPF, Judge.

On April 13, 2004, the General Assembly adjourned its regular session without having enacted an omnibus appropriation for the Executive Branch of Kentucky's government. Anticipating the Governor's assertion of emergency spending powers, the Attorney General, on May 27, 2004, petitioned the Franklin Circuit Court for a declaration of rights establishing the limits of any such executive authority. Resolution of that petition is proceeding in the circuit court.

On June 28, 2004, the Governor promulgated Executive Order 2004–650, in which he declared a state of emergency and asserted authority under Sections 69 and 81 of our state constitution "to cause the expenditure from the State Treasury of such available funds as may be necessary for the operation of government and the execution of the laws of the Commonwealth by the Executive Branch." The executive order purports to authorize the Secretary of the Finance and Administration Cabinet to issue warrants "for the payment of all claims as may be made by the Executive Branch of government" under a so-called Public Services Continuation Plan, the Governor's outline of Executive Branch functions during the state of emergency. On June 30, 2004, the Franklin Circuit Court ordered that the Governor's plan be implemented for the first quarter of fiscal year 2004–2005; that is from July 1, 2004, through September 30, 2004. No relief has been sought to this Court from that order.

On July 1, 2004, State Representatives Charles Geveden, Steve Nunn, and Jim Wayne intervened in the Attorney General's suit, and on July 7, 2004, they moved the circuit court for an order enjoining the Governor to call the General Assembly into Extraordinary Session. By order entered July 20, 2004, the circuit court denied the motion. The representatives thereupon sought interlocutory relief in this Court pursuant to CR 65.07.

■ As the parties note, an injunction is an extraordinary remedy not to be

granted unless the movant establishes both that without it he is likely to suffer the immediate and irreparable abrogation of a concrete personal right and that grant of the injunction will not unduly prejudice either the public or the non-movant.[1] The propriety of injunctive relief is entrusted to the trial court's discretion; this Court will disturb the trial court's decision only if that discretion has been abused.[2]

The representatives contend, in effect, that they have a right to be called into Extraordinary Session because that is a necessary step in ending what they characterize as the Executive Branch's unlawful expenditure of unappropriated state funds. They note that Section 230 of the Kentucky Constitution provides in part that "[n]o money shall be drawn from the State Treasury, except in pursuance of appropriations made by law." Executive Order 2004–650, they insist, violates this section. The violation may be remedied, the representatives argue, only by the General Assembly's passage of an appropriations bill, and such a bill requires that the legislature be called into session. Hence, they claim, the Governor must be compelled to convene the legislature to address Executive Branch appropriations. We are not persuaded that the representatives have the right to an Extraordinary Session that they assert.

Sections 27 and 28 of our state constitution provide that the government of the Commonwealth is divided into three departments or branches—executive, legislative and judicial—and that "[n]o person or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted." As the parties are well aware, this separation-of-powers principle is a cornerstone of our form of government. Our courts are to be ever on guard against its erosion.[3]

Whether to summon an Extraordinary Session of the General Assembly and what matters are to be addressed at such a session are questions entrusted to the discretion of the Governor under Section 80 of our state constitution.[4] We do not agree with the representatives that Section 230 implies or necessitates an exception to the separation of powers doctrine that would permit a court to interfere with the Governor's exercise of this discretion.[5] Although the General Assembly's failure to enact an Executive Branch budget has raised serious questions about the meaning of Section 230, the situation does not require us to jettison settled and basic constitutional principles.

There being no authority for the relief the representatives seek, the trial court did not abuse its discretion when it denied their motion to compel the Governor to call an Extraordinary Session.

Accordingly, the Court ORDERS that the motion for relief under CR 65.07 be, and hereby is, DENIED.

DYCHE, Judge, concurs.

1. *Maupin v. Stansbury*, Ky.App., 575 S.W.2d 695 (1978).

2. *Id.*

3. *Legislative Research Commission v. Brown*, Ky., 664 S.W.2d 907 (1984).

4. *Royster v. Brock*, 258 Ky. 146, 79 S.W.2d 707 (1935). Section 80 of the Kentucky Constitution provides in part that "[h]e [the Governor] may, on extraordinary occasions, convene the General Assembly at the seat of government[.]"

5. *Traynor v. Beckham*, 116 Ky. 13, 22, 74 S.W. 1105, 1107 (1903).

JOHNSON, Judge, concurs and Files Separate Opinion in which DYCHE, Judge, also joins.

JOHNSON, Judge, concurring.

I concur with the Majority Opinion, but choose to write separately to express my opinion concerning the Governor's discretion in not calling an Extraordinary Session of the General Assembly. In my opinion, the authority given to the Governor by Section 80 of the Kentucky Constitution permits the exercise of a political power and a discretionary power that is not subject to judicial review.

The movants argue that "in these unique circumstances, the calling of a special session is converted from a discretionary act that lies wholly within the Governor's political discretion, to a mandatory constitutional duty, which the courts can and should enforce." But, in *Traynor v. Beckham,*[6] the former Court of Appeals stated that "[a]ll courts agree that a mandamus will not lie against a Governor to compel the exercise of governmental, political, or discretionary powers." Further, in *Page, Second Auditor v. Hardin,*[7] the Court stated that "[w]here, by the Constitution or the law, the Governor has a discretionary power, or where on any ground, his act is made conclusive as to all rights involved, it is of course not within the province of a Court to inquire into the propriety or impropriety of the act." The Court noted that "when the supreme executive is vested with a discretion, his decision is final. The question whether the discretion is conferred and exists, is a judicial question." Clearly, Section 80 provides that the Governor "may,[8] on extraordinary occasions, convene the General Assembly at the seat of government[.]" The people's granting the Governor discretion in performing this act could not be stated more clearly. Thus, the movants' argument that the General Assembly's failure to enact a budget eliminated the Governor's discretion in not calling an Extraordinary Session is without merit.

---

6. 116 Ky. 13, 22, 74 S.W. 1105, 1107 (1903).

7. 47 Ky. 648, 656 (1848). *See also* 52 Am. Jur.2d *Mandamus* § 108 (2004) (noting that where "duties necessarily involv[e] the exercise of official judgment and discretion, the doctrine is uncontroverted that mandamus will not lie to control or compel his action").

8. " 'May' is permissive[.]" Kentucky Revised Statutes 446.010(20).