# Supreme Court of Kentucky

2005-SC-0748-I

WARREN P. ROGERS; JOSEPH K. JARBOE; KATHY GORNIK AND KENTUCKY-AMERICAN WATER COMPANY | APPELLANTS

V.

ON REVIEW FROM COURT OF APPEALS
NO. 2005-CA-1798-MR
FAYETTE CIRCUIT COURT NO. 05-CI-02993

LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT; TERESA A. ISAAC, IN HER CAPACITY AS MAYOR; BILL CEGELKA, IN THE CAPACITY AS A MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY COUNCIL; GEORGE A. BROWN, JR., IN THE CAPACITY AS A MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY COUNCIL; DICK DECAMP, IN THE CAPACITY AS A MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY COUNCIL; CHUCK ELLINGER II, IN THE CAPACITY AS A MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY COUNCIL; BILL FARMER, JR., IN THE CAPACITY AS A MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY COUNCIL; LINDA GORTON, IN THE CAPACITY AS A MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY COUNCIL; GEORGE MYERS, IN THE CAPACITY AS A MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY COUNCIL; JAY MCCHORD, IN THE CAPACITY AS A MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY COUNCIL; KEVIN STINNETT, IN THE CAPACITY AS A MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY COUNCIL; RICHARD MOLONEY, IN THE CAPACITY AS A MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY COUNCIL; ED LANE, IN THE CAPACITY AS A MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY COUNCIL; MIKE SCANLON, IN THE CAPACITY AS A MEMBER OF THE LEXINGTON FAYETTE URBAN COUNTY COUNCIL; SANDY SHAFER, IN THE CAPACITY AS A | APPELLEES

MEMBER OF THE LEXINGTON FAYETTE URBAN
COUNTY COUNCIL; DAVID B. STEVENS, IN THE
CAPACITY AS A MEMBER OF THE LEXINGTON
FAYETTE URBAN COUNTY COUNCIL; JACQUES
WIGGINTON, IN THE CAPACITY AS A MEMBER OF
THE LEXINGTON FAYETTE URBAN COUNTY
COUNCIL; DONALD W. BLEVINS, FAYETTE
COUNTY CLERK; BLUEGRASS FLOW, INC.; JOE B.
HALL; JENNIFER MOSSOTTI; HARRY N. SYKES;
VANMETER PETIT; AND ROBERT R. JEFFERSON

**OPINION AND ORDER**

<u>VACATING AND REMANDING</u>

The appellants seek review from a decision of a panel of the Court of Appeals which denied their motion for relief under CR 65.08. The Court of Appeals also denied their motion for oral argument; denied their motion to strike exhibits; and denied their motion for recommendation of transfer.

The appellants, pursuant to CR 65.09 and 76.22, move this Court to grant expedited interlocutory relief, pending appeal, to enjoin the Lexington-Fayette Urban County Government and Fayette County Clerk Don Blevins from expending any funds or otherwise taking any steps in furtherance of conducting an election on November 8, 2005 on the ballot initiative at issue in this case.

The facts are not in dispute and are well known to the parties. The circuit court determined that the initiative process was legal in Fayette County and permitted the election to go forward, ruling that the next regular election in Fayette County was in November of 2005. An appeal was taken to the Court of Appeals and a panel of that court denied injunctive relief and found that the appellants failed to show cause why

- 2 -

they would suffer irreparable harm. We are now presented with a motion for interlocutory relief.

The central question is whether an election can be held on November 8, 2005. We answer "No" because it is not a regular election.

CR 65.09 allows interlocutory relief in the Supreme Court by any party adversely affected by an order of the Court of Appeals. The rule states in part as follows:

> The decision whether to review such order shall be discretionary with the Supreme Court. Such a motion will be entertained only for extraordinary cause shown in the motion.

In this case, the ordinance which is intended to be presented to the voting public, will require the urban county council to acquire by purchase, or if necessary, by eminent domain, the assets of the Kentucky-American Water Company. Taxpayer funds must be provided for any election in November and may have been expended to some degree. A budget of $250,000 has been set by the urban county government. There is no reasonable expectation that such funds could be recovered if an election is conducted, but later held to be invalid.

Financial concerns aside, it must be recognized that voting is an extremely serious and important matter. It is fundamental in our form of government. The citizenry must have faith that their vote will have meaning and will be valid. Clearly, the appellants have shown extraordinary cause for granting relief.

In considering this case, the requirements for the issuance of an injunction must be carefully considered. They are explained in the seminal cases of <u>Oscar Ewing, Inc. v. Melton, d/b/a Melton's Grocery</u>, 309 S.W.2d 760 (Ky. 1958) and <u>Maupin v. Stansbury</u>, 575 S.W.2d 695 (Ky.App. 1978). They are as follows: (1) Has the plaintiff shown an

irreparable injury; (2) Are the equities in the plaintiff's favor, considering the public interest, harm to the defendant, and whether the injunction will merely preserve the status quo; and (3) Does the complaint present a substantial question?

In Commonwealth, Revenue Cabinet v. Picklesimer, 879 S.W.2d 482 (Ky. 1994), this Court held that a movant for interlocutory relief must demonstrate that the circuit court ruling was "clearly erroneous." This standard is set out in CR 52.01 which provides that findings of fact shall not be set aside unless they are clearly erroneous, with due regard given to the opportunity of the trial court to judge the credibility of the witnesses. On appellate review, the appellate court may determine that findings are clearly erroneous if they are without adequate evidentiary support or occasioned by an erroneous application of the law. Cf. Oakwood Mobile Homes, Inc. v. Sprowls, 82 S.W.3d 193 (Ky. 2002).

KRS 89.610, which was repealed on July 15, 1980, set forth the procedure for initiating a public question, initiative and referendum. It stated in relevant part as follows:

> [T]he board shall then either pass the proposed ordinance without alteration within ten days after the petition is filed, or submit the question of passage to the voters of the city at the next regular election.

KRS 89.610 (repealed July 15, 1980) (emphasis added).

The aforementioned statute was in effect when the Lexington-Fayette Urban County Charter was adopted. KRS 67A.060 indicates that a statute in effect at the time urban county government is formed remains so unless expressly repealed for that government. Accordingly, the contention is that KRS 89.610 was never expressly repealed as to the Lexington-Fayette Urban County Government.

- 4 -

It is unnecessary for this Court to decide whether the above contention is valid. However, even if we accept it as so, there is still a clear misapplication of the law. As previously noted, former KRS 89.610 required submission of the issue to the voters at the next regular election. (emphasis added) KRS 446.010(28) defines a regular election as one that occurs in even-numbered years at which members of Congress are elected and the election in odd-numbered years at which state officers are elected. The effect of the statute and its schedule of transitional provisions eliminated regular elections in 1997, and every four years thereafter. There are no state officers to be elected in 2005, consequently, there is no "regular election" this year. Apparently the parties here agree that there is a regular election scheduled for November 7, 2006.

We are satisfied that the appellants have complied with the requirements for the issuance of an injunction. See Oscar Ewing, Inc., supra, and Maupin, supra. The appellants have shown an irreparable injury. The expenditures necessary to hold this election are public not private funds. They cannot be recouped by money damages on appeal. Thus, the injury is irreparable.

The equities certainly favor the appellants. In view of the fact that the elimination of elections from the 2005 calendar year has been widely publicized, we must disagree that there is any expectation on the part of the voting public to go to the polls in November of this year. The ultimate cost of any purchase or condemnation of the water company is highly speculative and may be determined by market factors. We perceive no detriment to the public interest by delaying the election to an appropriate time. The situation here is not the maintenance of the status quo, but a prevention of conduct that is in clear violation of statutory law.

- 5 -

The complaint presents a substantial question. Clearly, the appellants are entitled to protection of the law and to rely on the existing statutes in any consideration of this nature. The cost and importance of voting simply cannot be overlooked.

It is the decision of this Court that the Urban County Government and the Fayette County Clerk should be enjoined from expending any funds or otherwise taking any steps in furtherance of conducting an election on the ballot question on November 8, 2005. The order of the Court of Appeals denying the motion for relief under CR 65.08 is hereby vacated and this matter is remanded to the Fayette Circuit Court for issuance of an injunction upon the posting of a nominal bond.

Lambert, C.J., and Cooper, Scott and Wintersheimer, JJ., concur. Johnstone, J., dissents by separate opinion and is joined by Graves, J., who also dissents by separate opinion and is joined by Johnstone, J.

Roach, J., not sitting.

ENTERED: October 13, 2005.

_____
CHIEF JUSTICE

- 6 -

ATTORNEYS FOR APPELLANTS:

Robert E. Wier
Ransdell & Wier PLLC
176 Pasadena Dr. – Bldg. 1
Lexington, KY 40503

Hanly Acton Ingram
Lindsey W. Ingram, Jr.
William M. Lear, Jr.
Steven B. Loy
Stoll, Keenon & Park
300 West Vine Street, Suite 2100
Lexington, KY 40507-1801

ATTORNEYS FOR APPELLEES:

Mary Ann Delaney
6050 Old Richmond Road
Lexington, KY 40515

David L. Holmes
Leslye M. Bowman
David Jeffrey Barberie
Lexington-Fayette Urban County Gov't
200 East Main Street
Lexington, KY 40507

William R. Garmer
Garmer & O'Brien, PLLC
141 N. Broadway
Lexington, KY 40507

Jane E. Graham
Henry, Watz, Gardner, Sellars & Gardner
401 W. Main St., Ste. 314
Lexington, KY 40507

Edwin Foster Ockerman, Jr.
Martin, Ockerman & Brabant
200 N. Upper St.
Lexington, KY 40507

Julius Rather
Denny, Morgan, Rather & Gilbert
154 Market St.
Lexington, KY 40507

# Supreme Court of Kentucky

## 2005-SC-0748-I

WARREN P. ROGERS; JOSEPH K. JARBOE;       APPELLANTS
KATHY GORNIK; AND KENTUCKY-AMERICAN
WATER COMPANY

        ON APPEAL FROM COURT OF APPEALS
V.                 2005-CA-1798-MR
      FAYETTE CIRCUIT COURT NO. 2005-CI-2993

LEXINGTON-FAYETTE URBAN COUNTY       APPELLEES
GOVERNMENT; TERESA A. ISAAC, IN HER
CAPACITY AS MAYOR; BILL CEGELKA, IN THE
CAPACITY AS A MEMBER OF THE LEXINGTON
FAYETTE URBAN COUNTY COUNCIL; GEORGE A.
BROWN, JR., IN THE CAPACITY AS A MEMBER OF
THE LEXINGTON FAYETTE URBAN COUNTY
COUNCIL; DICK DECAMP, IN THE CAPACITY AS A
MEMBER OF THE LEXINGTON FAYETTE URBAN
COUNTY COUNCIL; CHUCK ELLINGER II, IN THE
CAPACITY AS A MEMBER OF THE LEXINGTON
FAYETTE URBAN COUNTY COUNCIL; BILL FARMER,
JR., IN THE CAPACITY AS A MEMBER OF THE
LEXINGTON FAYETTE URBAN COUNTY COUNCIL;
LINDA GORTON, IN THE CAPACITY AS A MEMBER
OF THE LEXINGTON FAYETTE URBAN COUNTY
COUNCIL; GEORGE MYERS, IN THE CAPACITY AS
A MEMBER OF THE LEXINGTON FAYETTE URBAN
COUNTY COUNCIL; JAY MCCHORD, IN THE
CAPACITY AS A MEMBER OF THE LEXINGTON
FAYETTE URBAN COUNTY COUNCIL; KEVIN
STINNETT, IN THE CAPACITY AS A MEMBER OF
THE LEXINGTON FAYETTE URBAN COUNTY
COUNCIL; RICHARD MOLONEY, IN THE CAPACITY
AS A MEMBER OF THE LEXINGTON FAYETTE
URBAN COUNTY COUNCIL; ED LANE, IN THE
CAPACITY AS A MEMBER OF THE LEXINGTON
FAYETTE URBAN COUNTY COUNCIL; MIKE
SCANLON, IN THE CAPACITY AS A MEMBER OF
THE LEXINGTON FAYETTE URBAN COUNTY

COUNCIL; SANDY SHAFER, IN THE CAPACITY
AS A MEMBER OF THE LEXINGTON FAYETTE
URBAN COUNTY COUNCIL; DAVID B. STEVENS,
IN THE CAPACITY AS A MEMBER OF THE
LEXINGTON FAYETTE URBAN COUNTY
COUNCIL; JACQUES WIGGINTON, IN THE
CAPACITY AS A MEMBER OF THE LEXINGTON
FAYETTE URBAN COUNTY COUNCIL;
DONALD W. BLEVINS, FAYETTE COUNTY
CLERK; BLUEGRASS FLOW, INC.; JOE B.
HALL; JENNIFER MOSSOTTI; HARRY N. SYKES;
VANMETER PETIT; AND ROBERT R. JEFFERSON

## DISSENTING OPINION BY JUSTICE JOHNSTONE

Respectfully, I dissent from the Majority's Opinion and Order granting CR 65.09

relief to Appellants. In my opinion, Appellants have failed to demonstrate "extraordinary

cause" justifying such relief. In the seminal case, Maupin v. Stansbury, 575 S.W.2d

695, 699 (Ky. App. 1978), the Court of Appeals held:

> [A]pplications for temporary injunctive relief should be viewed
> on three levels. First, the trial court should determine whether
> plaintiff has complied with CR 65.04 by showing irreparable
> injury. This is a mandatory prerequisite to the issuance of any
> injunction. Secondly, the trial court should weigh the various
> equities involved. Although not an exclusive list, the court
> should consider such things as possible detriment to the public
> interest, harm to the defendant, and whether the injunction will
> merely preserve the status quo. Finally, the complaint should
> be evaluated to see whether a substantial question has been
> presented. If the party requesting relief has shown a
> probability of irreparable injury, presented a substantial
> question as to the merits, and the equities are in favor of
> issuance, the temporary injunction should be awarded.
> However, the actual overall merits of the case are not to be
> addressed in CR 65.04 motions. Unless a trial court has
> abused its discretion in applying the above standard, we will
> not set aside its decision on a CR 65.07 review.

The deferential standard under which appellate courts review circuit court

determinations as to injunctive relief only heightens the importance of sound decision

- 2 -

making at the circuit court level. Under CR 65.04, the Court of Appeals may reverse such a determination only where it appears that the circuit court has made clearly erroneous findings unsupported by substantial evidence. See National Collegiate Athletic Association v. Lasege, 53 S.W.3d 77 (Ky. 2001). Interlocutory relief in this Court is appropriate only where we find that it is warranted by "extraordinary cause."

I would agree that Appellants have raised substantial questions regarding the timing of the election and the validity of the initiative process. Nonetheless, I cannot conclude that Appellants have shown irreparable injury if the election is held on November 8, 2005.

Appellants assert, and the Majority apparently agrees, that the expenditure of public funds to proceed with the election constitutes an irreparable injury that outweighs the voters' right to be heard on the issue this November. I find this proposition to be fatally flawed. A party asserting a loss of monetary funds as evidence of irreparable harm is generally the party expending those funds. Here, although there certainly is a monetary cost involved in preparing for the election, the funds necessarily come from the Lexington-Fayette Urban County Government's budget, not from Appellants. Notably, Lexington-Fayette Urban County Government does not object to the expenditure of these monies; indeed, the Government supports the County Clerk's use of the designated funds for election preparation.

Moreover, the Majority fails to cite any authority, and we find none, for distinguishing the expenditure of public versus private monies. Our law is clear that the financial distress of a party does not warrant extraordinary relief. In Ison v. Bradley, 333 S.W.2d 784, 786 (Ky. 1960), our predecessor court held:

> By this proceeding, petitioners are attempting a premature appeal and seeking a precipitate decision of this Court on an

- 3 -

interlocutory order. It takes a minimum of imagination to envision the utter confusion and chaos in the trial of cases if this Court should entertain original proceedings in cases of this character. The basis urged for doing so is the financial distress of litigants. This is not an uncommon status, however unwanted it may be, and is not confined to litigants. Thus, the delay incident to litigation and appeal by litigants who may be financially distressed cannot be considered as unjust, does not constitute irreparable injury, and is not a miscarriage of justice.

In fact, in Maupin v. Stansbury, supra, this Court found that an injunction prohibiting the Louisville Board of Aldermen from expending public finds in furtherance of an investigation of the mayor was improper, because there was no evidence as to how the expenditures would irreparably harm the party who obtained the injunction. "At the most, the complaint create[d] only a speculation of possible harm to the taxpayers as a group. There being no clear showing of irreparable injury . . . the temporary injunction [was] improper." Id. at 700. Here, neither Appellants nor the Majority can point to any tangible injury that Appellants will suffer as a result of this use of public monies. Certainly, if Appellants won at the polls, they could allege no injury despite the election having taken place against their wishes. Nonetheless, I believe that the expenditure of a miniscule percentage of the Lexington-Fayette Urban County Government's budget, in and of itself, falls far short of demonstrating irreparable injury.

Furthermore, Appellants herein are not "seeking to maintain the status quo," but are requesting mandatory relief which would require [Appellees] to change [their] course of conduct." Oscar Ewing, Inc. v. Melton, 309 S.W.2d 760, 761 (Ky. 1958). To maintain the status quo, the County Clerk must be permitted to continue with the current course of conduct in preparing for the election. Clearly, a balancing of the equities of the parties herein favors allowing the election process to go forward as determined by the Fayette Circuit Court and Court of Appeals.

- 4 -

The most troubling aspect of the Majority's opinion is that it undertakes to decide the merits of the appeals below, notwithstanding the fact that this Court has previously denied transfer of those same appeals. Without question, deciding the merits of the parties' conflicting claims is inappropriate in reviewing a request for a temporary injunction. <u>Maupin v. Stansbury</u>, <u>supra</u>.

To permit the expenditure of public monies to form the basis of a taxpayer's claim for extraordinary relief vastly broadens this Court's prior notion of irreparable harm. Given the saturation of public monies in nearly every aspect of today's society, the extent of interlocutory litigation involving taxpayer monies will be virtually unlimited. Both the Fayette Circuit Court and the Court of Appeals denied Appellants' motion for extraordinary relief. As did the Court of Appeals, I would give due deference to the findings of the circuit court and also deny the requested relief.

Graves, J., joins in this dissent.

# Supreme Court of Kentucky

2005-SC-748-I

WARREN P. ROGERS; JOSEPH K. JARBOE; KATHY
GORNIK AND KENTUCKY-AMERICAN WATER
COMPANY

APPELLANTS

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2005-CA-1798-MR
FAYETTE CIRCUIT COURT NO. 05-CI-02993

LEXINGTON-FAYETTE URBAN COUNTY
GOVERNMENT; TERESA A. ISAAC, IN HER
CAPACITY AS MAYOR; BILL CEGELKA, IN THE
CAPACITY AS A MEMBER OF THE LEXINGTON
FAYETTE URBAN COUNTY COUNCIL; GEORGE A.
BROWN, JR., IN THE CAPACITY AS A MEMBER OF
THE LEXINGTON FAYETTE URBAN COUNTY
COUNCIL; DICK DECAMP, IN THE CAPACITY AS A
MEMBER OF THE LEXINGTON FAYETTE URBAN
COUNTY COUNCIL; CHUCK ELLINGER II, IN THE
CAPACITY AS A MEMBER OF THE LEXINGTON
FAYETTE URBAN COUNTY COUNCIL; BILL FARMER,
JR., IN THE CAPACITY AS A MEMBER OF THE
LEXINGTON FAYETTE URBAN COUNTY COUNCIL;
LINDA GORTON, IN THE CAPACITY AS A MEMBER
OF THE LEXINGTON FAYETTE URBAN COUNTY
COUNCIL; GEORGE MYERS, IN THE CAPACITY AS A
MEMBER OF THE LEXINGTON FAYETTE URBAN
COUNTY COUNCIL; JAY MCCHORD, IN THE
CAPACITY AS A MEMBER OF THE LEXINGTON
FAYETTE URBAN COUNTY COUNCIL; KEVIN
STINNETT, IN THE CAPACITY AS A MEMBER OF
THE LEXINGTON FAYETTE URBAN COUNTY
COUNCIL; RICHARD MOLONEY, IN THE CAPACITY
AS A MEMBER OF THE LEXINGTON FAYETTE
URBAN COUNTY COUNCIL; ED LANE, IN THE
CAPACITY AS A MEMBER OF THE LEXINGTON
FAYETTE URBAN COUNTY COUNCIL; MIKE
SCANLON, IN THE CAPACITY AS A MEMBER OF
THE LEXINGTON FAYETTE URBAN COUNTY
COUNCIL; SANDY SHAFER, IN THE CAPACITY AS A
MEMBER OF THE LEXINGTON FAYETTE URBAN
COUNTY COUNCIL; DAVID B. STEVENS, IN THE

APPELLEES

CAPACITY AS A MEMBER OF THE LEXINGTON
FAYETTE URBAN COUNTY COUNCIL; JACQUES
WIGGINTON, IN THE CAPACITY AS A MEMBER OF
THE LEXINGTON FAYETTE URBAN COUNTY
COUNCIL; DONALD W. BLEVINS, FAYETTE
COUNTY CLERK; BLUEGRASS FLOW, INC.; JOE B.
HALL; JENNIFER MOSSOTTI; HARRY N. SYKES;
VANMETER PETIT; AND ROBERT R. JEFFERSON

## DISSENTING OPINION BY JUSTICE GRAVES

I fully agree with and join Justice Johnstone's well-reasoned dissent. I write to further express my disappointment in the majority's opinion to this extent: not only does the majority abuse its discretion for the reasons set forth in Justice Johnstone's dissent, but also the majority takes the even more outrageous step of disrupting the status quo in a context where the electorate has taken great pains to exercise its right to peacefully participate in the democratic processes of this Commonwealth. Our constitution deems this right of the people to be sacred and inherent. Ky. Const. §§1-4.

The irreparable harm in this case is not being suffered by Appellants, but rather it is being inflicted on the electorate. This is especially true because Appellants asserted at oral argument that only a small percentage of the electorate favored acquisition of the water company. The harm beyond repair is the increased public apathy being created by the contorted litigation we see today that delays, or perhaps denies, the electorate's vote in a timely manner on an important public question.

Johnstone, J., joins in this dissent.