NICKELL, JUDGE:
Movant, Kentucky Board of Medical Licensure, filed a motion for interlocutory relief pursuant to Kentucky Rules of Civil Procedure (CR) 65.07 from an order granting a temporary injunction. Having considered the motion for interlocutory relief, the response, and being otherwise sufficiently advised, the Court ORDERS that the motion be, and it is hereby, GRANTED.
In 2012, the Board and Respondent, Dr. J. Dustin Chaney, entered into an agreed order in lieu of a complaint for various violations involving controlled substances. On June 5, 2014, Dr. Chaney was indicted in the Federal District Court for the Eastern District of Kentucky on two counts of conspiring to distribute controlled substances and one count of knowingly maintaining a place of business to unlawfully dispense controlled substances. On June 30, 2014, the Board issued an emergency order suspending Dr. Chaney's license. The Board authorized the issuance of a complaint against Dr. Chaney.
Without requesting an appeal of the emergency suspension, Dr. Chaney filed a petition for declaratory judgment and motions for a restraining order, temporary injunction, and permanent injunction against the Board on July 10, 2014, in Jefferson Circuit Court. Dr. Chaney requested that the trial court: (1) declare the Board's suspension of Dr. Chaney's license to be arbitrary and capricious; (2) declare 201 Kentucky Administrative Regulations (KAR) 9:240 Section 3(4) unconstitutional; (3) permanently enjoin the Board from enforcing 201 KAR 9:240 Section 3(4); (4) vacate and reverse the emergency order of suspension; and (5) enjoin the *607 Board from enforcing the emergency order of suspension.
The Board filed a motion to dismiss the petition for failure to exhaust administrative remedies because Dr. Chaney did not appeal from the emergency order. The trial court denied the motion to dismiss on the basis that the exhaustion of administrative remedies would be an exercise in futility. In an order entered on August 11, 2014, the trial court granted Dr. Chaney's motion for a temporary injunction to stay the enforcement of the Board's emergency order of suspension. The trial court declared that 201 KAR Section 3(4) violated the 14th Amendment of the United States Constitution, Section 2 of the Kentucky Constitution, and Kentucky Revised Statutes (KRS) 311.592(2). The trial court ordered that the temporary injunction would remain in place until the Board conducted a hearing in accordance with the trial court's findings and conclusions. This motion for interlocutory relief followed.
The Board first argues that the trial court lacked jurisdiction to consider the motion for temporary injunction for Dr. Chaney's failure to exhaust his administrative remedies. We disagree. The exhaustion of administrative remedies is not required when a party challenges the constitutionality of a statute or regulation as void upon its face. Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet, 133 S.W.3d 456, 472 (Ky.2004). Such a requirement would be an exercise in futility because administrative agencies are not authorized to pass upon constitutional questions. Id. at 469. In the present case, Dr. Chaney challenged the constitutionality of 201 KAR 9:240 Section 3(4) as void upon its face. Therefore, the trial court properly exercised jurisdiction.
Next, the Board argues that the trial court improperly granted a temporary injunction. We agree.
The standard of review for orders granting or denying a temporary injunction is well-established:
First, the trial court should determine whether plaintiff has complied with CR 65.04 by showing irreparable injury. This is a mandatory prerequisite to the issuance of any injunction. Secondly, the trial court should weigh the various equities involved. Although not an exclusive list, the court should consider such things as possible detriment to the public interest, harm to the defendant, and whether the injunction will merely preserve the status quo. Finally, the complaint should be evaluated to see whether a substantial question has been presented. If the party requesting relief has shown a probability of irreparable injury, presented a substantial question as to the merits, and the equities are in favor of issuance, the temporary injunction should be awarded. However, the actual overall merits of the case are not to be addressed in CR 65.04 motions. Unless a trial court has abused its discretion in applying the above standards, we will not set aside its decision on a CR 65.07 review.
Maupin v. Stansbury, 575 S.W.2d 695, 699 (Ky.App. 1978) (Emphasis added). It is not the function of a motion for temporary injunction to settle a dispute on the merits. Oscar Ewing, Inc. v. Melton, 309 S.W.2d 760, 762 (Ky. 1958). The Court further stated:
It should be evident from our foregoing discussion that our ruling on the motion for a temporary injunction does not constitute an adjudication of the parties' ultimate rights nor reflect any opinion with respect thereto. Significant issues of both fact and law appear in this record which can only be resolved on final *608 hearing. They may not be decided on this motion.
Id.
We conclude that the trial court abused its discretion by declaring 201 KAR 9:240 Section 3(4) unconstitutional upon a motion for temporary injunction. The constitutionality of the regulation is the ultimate issue presented by the petition for declaratory judgment. By declaring the regulation unconstitutional and requiring the Board to conduct a hearing in accordance with its opinion, the trial court essentially adjudicated the ultimate rights of the parties. Under the authority cited above, such adjudication exceeds the scope of a motion for temporary injunction.
Therefore, the Court ORDERS that the motion for interlocutory relief be, and it is hereby, GRANTED. The trial court shall conduct further proceedings consistent with the foregoing order.
ALL CONCUR.