Dora Nancy PRICE, Appellant,

v.

PAINTSVILLE TOURISM COMMIS-
SION and City of Paintsville,
Appellees.

No. 2007–SC–000957–I.

Supreme Court of Kentucky.

April 24, 2008.

Order Denying Reconsideration and
Designating Opinion for Publication
Aug. 21, 2008.

Robert G. Miller, Perry & Miller, Paintsville, KY, for Appellant.

Jonathan C. Shaw, Jeffrey M. Baldwin, Porter, Schmitt, Banks & Baldwin, Paintsville, KY, Bernard F. Lovely, Todd C. Myers, Bowles Rice McDavid Graff & Love, LLP, Lexington, KY, for Appellees.

## OPINION AND ORDER

Dora Price, the General Manager of the Paintsville Tourism Commission, seeks interlocutory relief pursuant to CR 65.09 from a December 21, 2007 order of the Court of Appeals vacating a temporary injunction issued by the Johnson Circuit Court. The Tourism Commission sought to terminate Price's employment, and the injunction required the Commission to keep Price employed pending the outcome of her suit challenging the termination. The Court of Appeals vacated the injunction because in its view Price was not subject to "immediate and irreparable injury," such as would justify injunctive relief. Price asserts that the Court of Appeals has improperly substituted its assessment of the circumstances for that of the trial court and asks that the injunction be reinstated. Because Price's motion fails to demonstrate "extraordinary cause" for relief, the motion is denied.

On August 27, 2007, the Tourism Commission voted to remove Price from her duties as General Manager. The Commission notified Price of its decision and purported to effect the termination immediately. Alleging that the Commission did not have authority to discharge her, on September 5, 2007, Price brought suit in the Johnson Circuit Court against the Commission and the City of Paintsville. She sought a declaration that she was an employee of the City, not the Commission, and as such could not be removed from her position without pre-termination notice and a hearing before the City's personnel authority. She also moved that the Commission be enjoined to restore her to her position as General Manager pending disposition of the suit.

A hearing on this latter motion was held September 12, 2007, and by Order entered the next day the Johnson Circuit Court granted Price's motion for a temporary injunction. In light of evidence adduced at the hearing, including evidence that Price's paychecks came from the City, that she participated in the City's health insurance and retirement plans, and that the Commission had not been issued a federal employer's identification number, the court ruled that there was a substantial possibility that Price's suit would succeed on the merits. That likelihood, the court believed, justified maintaining the pre-termination status quo until the matter could be finally resolved. The court also opined that because Price was seeking reinstatement to her job and not merely monetary damages, she would suffer immediate and irreparable injury were she not allowed to maintain her position pending final disposition.

■ The Commission and the City sought relief from the temporary injunction in the Court of Appeals, and as noted that Court granted relief because in its view an injunction was not required to preserve Price's access to an adequate remedy should her suit ultimately prevail. Price now seeks additional review by this Court. Under CR 65.09 our review is limited to those cases which demonstrate "extraordinary cause," and we have noted that "abuses of discretion by the courts below can supply such cause." *National Collegiate Athletic Association v. Lasege*, 53 S.W.3d 77, 84 (Ky.2001). Price's motion fails to meet this standard.

■ As the parties correctly observe, CR 65 governs injunctive relief, and under CR 65.04 a temporary injunction may be granted during the pendency of an action

> if it is clearly shown by verified complaint, affidavit, or other evidence that the movant's rights are being or will be violated by an adverse party and the movant will suffer immediate and irreparable injury, loss, or damage pending a final judgment in the action, or the acts of the adverse party will tend to render such final judgment ineffectual.

■ This rule has been construed as requiring the trial court to deny injunctive relief unless it finds (1) that the movant's position presents "a substantial question" on the underlying merits of the case, *i.e.* that there is a substantial possibility that the movant will ultimately prevail; (2) that the movant's remedy will be irreparably impaired absent the extraordinary relief; and (3) that an injunction will not be inequitable, *i.e.* will not unduly harm other parties or disserve the public. *Cyprus Mountain Coal Corporation v. Brewer*, 828 S.W.2d 642 (Ky.1992) (citing *Maupin v. Stansbury*, 575 S.W.2d 695 (Ky.App. 1978)). Although a trial court's ruling granting or denying injunctive relief is reviewed under the abuse of discretion standard, *id.*, our case law is adamant that injunctions generally will not be granted "when the remedy at law is sufficient to furnish the injured party full relief." *Id.* at 645.

In accord with a like restriction on injunctive relief, the rule in federal practice has long been that despite individual hardship the loss of one's job and one's income pending disposition of a wrongful termination case does not amount to "irreparable injury" justifying a temporary injunction. On the contrary, "income wrongly withheld may be recovered through monetary damages in the form of back pay."

*Overstreet v. Lexington–Fayette Urban County Government*, 305 F.3d 566, 579 (6th Cir.2002).

This federal rule was established by the United States Supreme Court in *Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974), in which a discharged federal employee was granted a temporary injunction pending her administrative appeal. In reversing and holding that the injunction constituted an abuse of discretion, the Court acknowledged that extraordinary circumstances surrounding a discharge could, conceivably, amount to irreparable injury so as to justify an injunction, but in the ordinary case, the Court explained, loss of income or damage to reputation as a result of discharge "falls far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction." *Id.* at 91–92, 94 S.Ct. 937. Courts, after all, are ill-suited to enforce a continuing relationship between parties who have become adverse to one another and have traditionally been unwilling "to enforce contracts for personal service either at the behest of the employer or of the employee." *Id.* at 83, 94 S.Ct. 937.

■ Although the issue does not seem to have resulted in many published state court opinions, several states and the District of Columbia have concurred in the Supreme Court's ruling. *Miller v. Foley*, 317 N.W.2d 710 (Minn.1982); *Packaging Industries Group, Incorporated v. Cheney*, 380 Mass. 609, 405 N.E.2d 106 (1980); *Broward County v. Meiklejohn*, 936 So.2d 742 (Fla.App.2006); *Zirkle v. District of Columbia*, 830 A.2d 1250 (D.C.2003); *Tulsa Order of Police Lodge No. 93 ex rel. Tedrick v. City of Tulsa*, 39 P.3d 152 (Okla.Civ.App.2001); *Ford v. Landmark Graphics Corporation*, 875 S.W.2d 33 (Tex. App.1994); *Leibson v. Ohio Department of Mental Retardation and Developmental*

*Disabilities,* 84 Ohio App.3d 751, 618 N.E.2d 232 (1992) (holding that extreme hardship caused by the loss of health insurance was an extraordinary circumstance justifying an injunction); *Hess v. Clarcor, Incorporated,* 237 Ill.App.3d 434, 177 Ill.Dec. 888, 603 N.E.2d 1262 (1992). We agree with these courts that in ordinary wrongful termination cases, such as this one, where the damage alleged is the loss of income, the disruption of one's work, the damage to reputation, or any of the other usual consequences of the loss of employment, reinstatement and/or back pay at the conclusion of proceedings is an adequate remedy rendering pretrial injunctive relief unnecessary and improper.

In this case, although the trial court found that Price adequately established a substantial possibility that she will prevail on the merits, the Court of Appeals correctly determined that neither the loss of income nor the removal from her duties amounted to an irreparable injury. Both of those alleged injuries may be fully remedied should Price's suit prevail. Price, accordingly, has failed to demonstrate the "extraordinary cause" necessary for relief from the Court of Appeals' ruling.

Finally, all of the parties have expressed either the belief or the concern that in its September 13, 2007 Opinion and Order granting Price's temporary injunction motion the Johnson Circuit Court held that Price is, in fact, an employee of the City rather than an employee of the Commission—a key issue in Price's underlying suit. We do not understand the trial court's Order as holding more than that Price succeeded in raising a substantial question on that issue, but lest there be any doubt that that issue is still to be heard and decided, we emphasize that the December 21, 2007 Order of the Court of Appeals vacating the temporary injunction vacated the September 13, 2007 Opinion and Order of the Johnson Circuit Court in its entirety. Because Price has failed to demonstrate "extraordinary cause," her motion for relief from the Court of Appeals' Order is hereby denied.

All sitting. All concur.

ENTERED: April 24, 2008.

/s/ Joseph E. Lambert
Chief Justice