RENDERED: OCTOBER 23, 2014
TO BE PUBLISHED

# Supreme Court of Kentucky



2014-SC-000470-I

SALAHADIN M. GHARAD, M.D.                                    MOVANT

ON REVIEW FROM COURT OF APPEALS
V.                          CASE NO. 2014-CA-000696-I
ROWAN CIRCUIT COURT NO. 14-CI-00001

ST. CLAIRE MEDICAL CENTER, INC.                        RESPONDENT

## OPINION AND ORDER

## DENYING INTERLOCUTORY RELIEF

St. Claire Medical Center operates a hospital in Morehead, Kentucky, serving a nine-county region in and around Morehead. St. Claire terminated an employment agreement with Salahadin M. Gharad, M.D., a cardiologist. Gharad then sued St. Claire for wrongful termination in which he seeks, among other relief, a declaration that the noncompetition provision of the employment agreement—prohibiting the performance of medical services in the hospital's nine-county service area for a period of two years after termination—is unenforceable.

The trial court granted Gharad a temporary injunction, which prevented St. Claire from enforcing the noncompetition provision. St. Claire then sought to dissolve the temporary injunction by filing a motion for temporary relief in

the Court of Appeals under Kentucky Rules of Civil Procedure (CR) 65.09. The Court of Appeals granted temporary relief to St. Claire and dissolved the temporary injunction. The Court of Appeals found that the trial court abused its discretion by temporarily enjoining enforcement of the noncompetition provision at issue because Gharad failed to establish he would suffer irreparable injury, a prerequisite for the granting of an injunction.

Gharad now requests this Court to grant him interlocutory relief from the order of the Court of Appeals and restore the trial court's temporary injunction. We deny interlocutory relief because we agree that Gharad has failed to make the requisite showing of irreparable injury.

At this juncture, the underlying facts of Gharad's dispute with St. Claire are immaterial to our determination. Suffice it to say, Gharad and St. Claire present differing views of not only Gharad's performance and conduct while employed by St. Claire but also whether St. Claire terminated Gharad with or without cause. The only issue before us is whether the trial court abused its discretion in granting a temporary injunction against St. Claire.

Our review is limited under CR 65.09. As we have repeatedly emphasized, only those cases presenting "extraordinary cause" are worthy of our review. Of course, we have interpreted "extraordinary cause" to include "abuse[] of discretion by the courts below[.]"[1]

The appropriate standard for a trial court when reviewing a motion for a temporary injunction is well settled. CR 65.04 mandates that a trial court

---

[1] *Price v. Paintsville Tourism Com'n*, 261 S.W.3d 482, 483 (Ky. 2008).

2

deny injunctive relief unless it finds: "(1) that the movant's position presents 'a substantial question' on the underlying merits of the case . . . ; (2) that the movant's remedy will be irreparably impaired absent the extraordinary relief; and (3) that an injunction will not be inequitable[.]"[2]

The trial court went through the proper analytical steps and determined that Gharad satisfied all the requirements. Notably for purposes of the motion before this Court, the trial court found Gharad was irreparably injured because he would suffer loss of income and damage to his reputation. Furthermore, the trial court found St. Claire's enforcement of the noncompetition provision would render Gharad unable to revive his practice in the provision's designated nine-county area. Finally, the trial court found disallowing Gharad's patients' ability to continue to treat with him, if they so desired, constituted irreparable injury.

Try as he might, Gharad is simply unable to distinguish materially his action from our decision in *Price v. Paintsville Tourism Comm'n*. Of course, *Price* did not involve a noncompetition provision like Gharad challenges here. In *Price*, we adopted the federal approach that "despite individual hardship[,] the loss of one's job and one's income pending disposition of a wrongful termination case does not amount to 'irreparable injury' justifying a temporary injunction."[3] Surely, "extraordinary circumstances surrounding a discharge could, conceivably, amount to irreparable injury so as to justify an injunction,

_____

[2] *Id.* at 484.

[3] *Id.* This approach is also the majority approach among the states.

but in the ordinary case, . . . loss of income or damage to reputation"[4] is inadequate. Gharad's discharge does not involve any "extraordinary circumstances."

The physician-patient relationship, in and of itself, does not make Gharad's discharge "extraordinary." Aside from the *possible* impact on Gharad's current patients, Gharad's discharge is, at its core, a dispute between an employer and employee over whether the employee's termination was appropriate. We emphasize "possible" because there is no guarantee that Gharad's patients will, in actuality, be negatively affected. Indeed, as the Court of Appeals highlighted, the noncompetition provision at issue does not restrict Gharad's practice of medicine or treatment of any specific patient.[5] The noncompetition provision only limits—for two years—the geographical area within which Gharad may offer medical services. Gharad's current patients are free, as is their right, to continue seeing Gharad, provided his practice is outside the geographic area designated in the St. Claire employment agreement.

In any event, this Court, in virtually the identical context, has previously noted, "[t]here is no basic public policy against such covenants, particularly when[, as here,] they involve professional services."[6] We offer no position on

---

[4] *Id.* (citing *Sampson v. Murray*, 415 U.S. 61, 91-92 (1974)).

[5] The Court of Appeals was also correct in noting that the impact on patients would not provide irreparable injury to *Gharad.* Instead, any harm done to Gharad's patients by the enforcement of the noncompetition provision would be accounted for in weighing whether the injunction would be inequitable.

[6] *Lareau v. O'Nan*, 355 S.W.2d 679, 681 (Ky. 1962).

4

whether the instant provision is enforceable against Gharad or whether we should depart from our historic approval of noncompetition covenants involving physicians because it is unnecessary for the resolution of this motion. Instead, we note our precedent as evidence that, contrary to Gharad's argument and the trial court's determination, "extraordinary circumstances" are missing from this challenged discharge.

The "usual consequences of the loss of employment"[7] are not injuries irreparable in nature. Typically, "reinstatement and/or back pay at the conclusion of proceedings is an adequate remedy rendering pretrial injunctive relief unnecessary and improper."[8] In finding irreparable injury present, the trial court's decision was "unsupported by sound legal principles"[9] and, as a result, constituted an abuse of discretion. Sure, the noncompetition provision at issue may make calculating damages more difficult; but, given the record in this case, it is not impossible. The fact that damages are calculable means Gharad's alleged injury is not irreparable.

Before concluding, we pause to discuss a matter both parties appear to believe to be presented to this Court. Both parties have provided us with arguments regarding the trial court's supposed determination that, as a matter of law, the noncompetition provision at issue is enforceable. As an initial matter, we do not read the trial court's opinion and order to say that. Instead,

---

[7] *Price*, 261 S.W.3d at 485.

[8] *Id.*

[9] *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

we simply understand the trial court's order to find that Gharad has presented a substantial question regarding the enforceability of the noncompetition provision. But in the event some lingering concern remains, we emphasize—as we did in *Price*—that the order of the Court of Appeals dissolving the temporary injunction vacated the trial court's opinion and order in its entirety.

Because Gharad has failed to show "extraordinary cause," his motion for interlocutory relief from the order of the Court of Appeals is DENIED.

IT IS SO ORDERED.

All sitting. All concur.

ENTERED this 23rd day of October, 2014.

_____
CHIEF JUSTICE JOHN D. MINTON, JR.

6