TO BE PUBLISHED

# Supreme Court of Kentucky

**FINAL**

**DATE** 11/1/16 Kim Redmon, DC

2015-SC-000629-I

SM NEWCO PADUCAH, LLC          APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.                CASE NO. 2014-CA-000900-I
MCCRACKEN CIRCUIT COURT NO. 13-CI-01099

KENTUCKY OAKS MALL COMPANY          APPELLEE

## OPINION AND ORDER

## DENYING INTERLOCUTORY RELIEF

Following injunctive relief granted by McCracken Circuit Court to

Appellee, Kentucky Oaks Mall Company (the "Mall"), Appellant, SM Newco

Paducah, LLC ("Newco"), moved pursuant to CR 65.07 for interlocutory relief in

the Court of Appeals. The Court of Appeals denied the motion and Newco now

moves for interlocutory relief in this Court under CR 65.09. Because Newco

fails to show the "extraordinary cause" required by CR 65.09 for obtaining such

relief, we deny Newco's motion.

# I.  FACTUAL AND PROCEDURAL BACKGROUND

The Mall owns a commercial real estate development in Paducah, Kentucky. Newco owns a building located within that development that it acquired from Service Merchandise Company, Inc. (Service Merchandise) as that company went out of business. Service Merchandise had an agreement, referred to as the Amended and Restated Declaration (Amended Declaration), with the Mall. The Amended Declaration provides: "Service [Merchandise] shall maintain all buildings, utilities and other improvements on the Service Land, as well as, the Service Common Area and keep the same in good condition, including all maintenance, necessary repairs, and replacements . . . ." The Mall contends that when Newco acquired the building, it also assumed Service Merchandise's responsibility under the Amended Declaration to maintain the building.

The building acquired by Newco had been vacant and deteriorating for more than a decade when the Mall filed suit in the McCracken Circuit Court to compel the enforcement of Newco's obligation to keep the building in good condition. The suit was pending for several months when the Mall learned that Newco was considering the possibility of demolishing the building because restoring it to good condition was cost prohibitive. Because the Mall regarded the destruction of the building as a breach of Newco's contractual obligation to maintain the building in good condition, it filed in the pending litigation a verified Motion for a Temporary Injunction under CR 65.04 to stop the demolition. A hearing on that motion was set for May 28, 2014.

2

In the meantime, the Mall learned that Newco had applied for a demolition permit. The added urgency of that information induced the Mall to seek more immediate relief so, on May 1, 2014, the Mall filed a motion pursuant to CR 65.03 for an *ex parte* restraining order to forestall the demolition until the temporary injunction motion could be heard. The restraining order motion was promptly set for hearing on May 5th, 2014, and notice was given to Newco as provided in CR 65.03(1). The short notice prevented Newco's lead counsel from personally attending the hearing, and so he arranged to attend telephonically, with local counsel being physically present.

At the May 5th hearing, Newco's counsel complained of the short notice. The circuit judge offered to reschedule the hearing so that counsel could be physically present, but the court also indicated that it would enter an order preserving the status quo pending such a hearing. Counsel for Newco objected to the entry of any order that immediately restrained Newco's option of demolishing the building, and he further stated that if the court was inclined to issue such an order, Newco wanted the order to be immediately appealable. Under our civil rules, a restraining order is not subject to review by an appellate court, but a temporary injunction is subject to such review by way of CR 65.07. No evidence other than what may have been found in the pleadings of the case was presented at the May 5th hearing. The discussion of counsel focused upon whether Newco had the right under the Amended Declaration to destroy the building.

3

The verified Motion for Temporary Injunction pending before the circuit court included exhibits consisting of the Amended Declaration and the Quitclaim Assignment and Assumption of Operating Agreement executed between Newco and Service Merchandise. The trial court had these documents, as well as the other pleading in the record, for its consideration. A proposed order designated as a Temporary Injunction was tendered by counsel for the Mall and entered by the court over Newco's objection.[1]

Newco moved for interlocutory relief in the Court of Appeals pursuant to CR 65.07. The Court of Appeals denied the motion. Appellant now moves for relief from the Court of Appeals' decision pursuant to CR 65.09.

## II. ANALYSIS

### A. Standard for Relief under CR 65.09

To obtain relief under CR 65.09, the movant, here Newco, must show "extraordinary cause."[2] Abuse of discretion by the courts below has been interpreted to be an "extraordinary cause." *Gharad v. St. Claire Medical Center, Inc.*, 443 S.W.3d 609, 611 (Ky. 2014) (citation omitted). An abuse of discretion occurs when the judge's decision is "arbitrary, unreasonable, unfair, or

---

[1] These facts are also reflected within the circuit court's temporary injunction order, Appellant's motion to the Court of Appeals to dissolve the temporary injunction, and Appellee's response to the motion (Appellee provided a verification of the factual allegations).

[2] CR 65.09 provides in pertinent part: "Such a motion [for relief from an order of the Court of Appeals entered pursuant to CR 65.07] will be entertained only for extraordinary cause shown in the motion."

4

unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

CR 65.04(1) provides the framework for determining whether the circuit court abused its discretion. CR 65.04(1)states:

> A temporary injunction may be granted during the pendency of an action on motion if it is clearly shown by verified complaint, affidavit, or other evidence that the movant's rights are being or will be violated by an adverse party and the movant will suffer immediate and irreparable injury, loss, or damage pending a final judgment in the action, or the acts of the adverse party will tend to render such final judgment ineffectual.

Under this rule, the circuit court may grant injunctive relief when it finds "(1) that the movant's position presents 'a substantial question' on the underlying merits of the case, *i.e.* that there is a substantial possibility that the movant will ultimately prevail; (2) that the movant's remedy will be irreparably impaired absent the extraordinary relief; and (3) that an injunction will not be inequitable, *i.e.* will not unduly harm other parties or disserve the public." *Price v Paintsville Tourism Commission*, 261 S.W.3d 482, 484 (Ky. 2008) (citations omitted).

## B. The Arguments before the Court of Appeals

Newco argued in the Court of Appeals that the Temporary Injunction was entered erroneously because: 1) the hearing from which the injunction emanated was for a restraining order, not a temporary injunction; 2) the Mall presented no evidence to support the issuance of an injunction; 3) since no evidence was presented, the circuit court's findings of fact are clearly erroneous; 4) because the Amended Declaration does not expressly restrict the

5

demolition of the building, the circuit court erred in finding that Newco is prohibited from doing so; 5) there is no foundation for the circuit court's finding of irreparable harm; and 6) no evidence was presented to establish that the public interest will be served by the temporary injunction.

Newco contends that the Court of Appeals abused its discretion by ignoring procedural and evidentiary deficiencies of the circuit court proceeding. The primary evidentiary issue presented in the Court of Appeals was whether the documents attached to the Mall's verified Motion for a Temporary Injunction could be used as evidence at the restraining order hearing to support the trial court's order.

## C. The Court of Appeals Did Not Abuse Its Discretion

The Court of Appeals did not directly address Newco's allegations of procedural and evidentiary deficiencies pertaining to the scheduling of the May 5th hearing at a time when lead counsel could not be physically present. Neither did it expressly address the transformation of the hearing for a restraining order into a temporary injunction hearing. Upon review of the May 5th hearing, as presented in the pleadings an the limited record before us, we cannot disregard Newco's role in any deficiencies resulting in the injunction.

The lack of formality of the proceeding, and the blurring of the distinctions between a restraining order and a temporary injunction are troublesome. But the circuit court's attempt to defer the hearing to a more convenient time, as well as its insistence that the building not be demolished pending a more formal hearing on the issue, was eminently reasonable.

Accommodating Newco's insistence upon an order that was subject to immediate interlocutory review precluded the circuit court from designating the order as a "restraining order."

Under the circumstances, we cannot conclude that the Court of Appeals abused its discretion when it found the circuit court properly relied on the exhibits attached to the verified Motion for a Temporary Injunction when it issued the order it designated as a temporary injunction.[3] The abbreviated nature of the hearing and any evidentiary deficiencies that occurred are largely attributable to Newco's stated preferences for a dispositive hearing followed by an immediately reviewable order, which could only be a temporary injunction. We see no extraordinary cause to warrant relief, and consequently, we decline to address the question of whether the evidentiary requirements for issuance of the temporary injunction under CR 65.04(1) were met.

Newco also maintains that the circuit court erred in its conclusion that the covenant for maintenance and upkeep contained within the Amended Declaration prohibits Appellant from demolishing the building. However, the Court of Appeals noted the circuit court expressly refrained from addressing the merits of the case and, consequently, committed no error. As stated in *Maupin v. Stansbury*, 575 S.W.2d 695, 699 (Ky. App. 1978), the merits of an issue in litigation cannot be conclusively decided within the scope of a hearing

---

[3] The Court of Appeals seems to have misstated the assertion of fact that the circuit court relied upon a "verified complaint" rather than the Mall's verified motion for a temporary injunction, but that misstatement does not alter the substance of its decision.

on a motion for a temporary injunction (or a restraining order). At most, the circuit court's findings and conclusions are nothing but *preliminary* determinations that have no binding effect on the court's ultimate judgment after trial of the issues. Preliminary findings of that nature are necessarily in accord with the circuit court's obligation to determine whether the party seeking interlocutory injunctive relief has presented a substantial question on the merits underlying the case and whether "the equities are in favor of issuance" of injunctive relief. *Maupin*, 575 S.W.2d at 699. Moreover, the circuit court stated that a final determination on the merits of the Mall's complaint would have to await the final adjudication. The Court of Appeals correctly determined that the circuit court did not adjudicate the merits of the case.

Newco also argues that the Court of Appeals erred by finding that irreparable harm was likely unless the demolition of the building is enjoined. Newco correctly notes that the Amended Declaration does not contain an express covenant not to destroy the building. Nevertheless, the covenant to "keep the [building] in good condition, including all maintenance, necessary repairs, and replacements" provides the Mall with a plausible argument to that effect. The Court of Appeals did not abuse its discretion in applying the rule stated in *Marshall v. Adams*, 447 S.W.2d 57, 58 (Ky. 1969): "where one who has entered into a restrictive covenant as to the use of land commits a distinct breach thereof, he may be enjoined irrespective of the amount of damage caused by his breach, and even if there appears to be no particular damage."

8

Obviously, if the Mall were ultimately to prevail upon its claim, the demolition of the building *pendente lite* would certainly render the judgment ineffectual. Moreover, Newco did not show the existence of any countervailing harm of an immediate nature that would ensue if the building were not immediately demolished.

The Court of Appeals concluded that the circuit court did not abuse its discretion when balancing the equities, but it also noted that the balancing is not required when the injunction prevents the breach of a restrictive covenant. With the finding above, that the Court of Appeals did not abuse its discretion in applying *Marshall*, it follows, as the Court of Appeals stated, that a balancing of the equities is not necessary.

## III.    CONCLUSION

Finding no extraordinary cause to warrant modification of the order of the Court of Appeals, we deny Appellant's motion for interlocutory relief. All sitting.

All sitting.  All concur.

ENTERED: October 20, 2016.

_____
CHIEF JUSTICE