Appellants, Basil C. Pollitt and The Gas Group ("Pollitt"), pursuant to CR 65.09, move this Court to vacate the Order entered by the Court of Appeals dissolving the stay of execution upon a judgment issued by the Franklin Circuit Court. Having reviewed the parties' arguments and the record of the case, we affirm the Court of Appeals, and deny the motion.
Factual and Procedural Background
This case involves an underlying dispute between Pollitt and Appellee-Public Service Commission of Kentucky (the "Commission"). The dispute concerns Pollitt's failure to comply with state regulations. However, these substantive issues are of minimal relevance to the pending motion.
In 1999, the Commission issued a final order imposing a civil penalty of $25,750.00 upon Pollitt for various regulatory violations. The Commission filed an action in Franklin Circuit Court to enforce that civil penalty and to permanently enjoin the operation of Pollitt's natural gas distribution system. The trial court entered a judgment in favor of the Commission in 2004, which was affirmed on appeal.
*72 Pollitt v. Public Service Commission of Kentucky, 2005 WL 2573987, 2004-CA-001516-MR (Ky. App. 2005). We denied discretionary review.
In 2017, it was discovered that Pollitt was continuing to operate its gas system in violation of the permanent injunction. The Commission subsequently filed a motion to hold Pollitt in contempt for failing to comply with the judgment, which was denied by the trial court. Pollitt argued that it was unsafe to terminate the operation of the system. Accordingly, the court directed that the Commission determine the current status of the system under relevant statutes and rules.
On May 8, 2017, the Commission filed a judgment lien to collect upon the money judgment that was affirmed by the Court of Appeals in its 2005 opinion. The Commission also sought various writs of non-wage garnishment, which were granted by the trial court. Pollitt responded with a motion to quash all collection activity. After a hearing on the motion to quash, the trial court entered an order on November 22, 2017, staying the case-and, thus, all collection activity-pending the resolution of a separate administrative proceeding against Pollitt. The court appeared concerned that enforcement of the judgment would effectively put Pollitt out of business, thus denying natural gas to the thirty-seven customers who relied on Pollitt's services.
The Commission sought relief before the Court of Appeals under CR 65.07. The Court of Appeals granted the motion and dissolved the stay of execution upon the judgment. Pollitt appeals that decision under CR 65.09.
Analysis
"As a prerequisite for obtaining interlocutory relief from an order of the circuit court under CR 65.07 or CR 65.09, the order at issue must be an injunction." Chesley v. Abbott, 503 S.W.3d 148, 152 (Ky. 2016). But for the trial court's order dated November 22, 2017, the Commission would have been permitted to enforce its valid judgment, which had been previously affirmed on appeal in 2005. The trial court's stay of proceedings to enforce that judgment is therefore an injunction temporarily prohibiting the Commission's efforts to collect. KRS 454.080. Cf. Chesley, 503 S.W.3d at 154 ("Instead of being an injunction, the [ ] order was a post-judgment order in furtherance of Respondents' efforts to collect on the outstanding judgment against Chesley."). Therefore, the Court of Appeals' review of this issue was appropriate under CR 65.07.
However, "the decision as to whether or not to review the order of the Court of Appeals is discretionary with the Court. CR 65.09." Chesley, 503 S.W.3d at 152. Our review is "limited to those cases which demonstrate 'extraordinary cause[.]' " Nat'l Collegiate Athletic Ass'n v. Lasege, 53 S.W.3d 77, 84 (Ky. 2001). In Chesley, we further described this stringent standard of review:
Demonstrating extraordinary cause is not an easy task-in fact we have recognized that the movant faces an "enormous burden" when requesting relief pursuant to CR 65.09. Courier-Journal, Inc. v. Lawson, 307 S.W.3d 617, 620 (2010) (quoting Kindred Hosps. Ltd. P'ship v. Lutrell, 190 S.W.3d 916, 919 (Ky. 2006) ). However, an abuse of discretion by the courts below can constitute extraordinary cause. Lasege, 53 S.W.3d at 84.
Chesley, 503 S.W.3d at 152.
The trial court's one-page order does not specify the procedural grounds for its decision to stay the case pending the resolution of an ongoing administrative *73 matter. And although the trial court's order was issued post-judgment, we believe that this case is best styled as an appeal from an order imposing a temporary injunction and will analyze it accordingly.
CR 65.04 requires that a trial court deny temporary injunctive relief unless it determines:
(1) that the movant's position presents "a substantial question" on the underlying merits of the case, i.e. that there is a substantial possibility that the movant will ultimately prevail, (2) that the movant's remedy will be irreparably impaired absent the extraordinary relief, and (3) that an injunction will not be inequitable, i.e. will not unduly harm other parties or disserve the public. Price v. Paintsville Tourism Com'n, 261 S.W.3d 482, 484 (Ky. 2008) (citations omitted).
First, the "underlying merits" of the Franklin Circuit case concern the Commission's enforcement of a previously-obtained money judgment that was affirmed by the Court of Appeals in 2005. There is no question that the judgment is valid and enforceable. Second, Pollitt asserts that it will suffer a financial consequence if the judgment is not stayed and that its customers will suffer as a result. As the Commission correctly notes, however, we have previously rejected such unsupported financial concerns as a valid basis for injunctive relief. See Norsworthy v. Kentucky Bd. of Med. Licensure, 330 S.W.3d 58, 62 (Ky. 2009) ; see also Ghirad v. St. Claire Med. Center, Inc., 443 S.W.3d 609, 611 (Ky. 2014). (" '[I]n the ordinary case, ... loss of income or damage to reputation" ' is inadequate to justify an injunction.) (citation omitted).
Lastly, nothing in the record presented to this Court indicates that the equities weigh in Pollitt's favor. To the contrary, the equities appear to weigh in favor of the Commission. The $25,750.00 civil penalty underlying this case was issued against Pollitt by the Commission as a default judgment in 1999-almost 20 years ago. And despite some delay in enforcement, the Commission has taken the necessary steps to satisfy the judgment.
Because Pollitt has failed to show "extraordinary cause," the motion for interlocutory relief from the order of the Court of Appeals is DENIED.
/s/ John D. Minton Jr.
CHIEF JUSTICE
All sitting.
All concur.