# Supreme Court of Kentucky

2022-SC-0326-I
2022-SC-0329-TG

EMW WOMEN'S SURGICAL CENTER,                    MOVANTS
P.S.C., ON BEHALF OF ITSELF, ITS
STAFF, AND ITS PATIENTS; ERNEST
MARSHALL, M.D., ON BEHALF OF
HIMSELF AND HIS PATIENTS;
PLANNED PARENTHOOD GREAT
NORTHWEST, HAWAI'I, ALASKA,
INDIANA, AND KENTUCKY, INC., ON
BEHALF OF ITSELF, ITS STAFF, AND
ITS PATIENTS

                          ON MOTION FOR INTERLOCUTORY RELIEF
                          ARISING FROM COURT OF APPEALS
                          HONORABLE LARRY THOMPSON, JUDGE
                          NO. 2022-CA-0906-I
V.
                          &
                          ARISING FROM JEFFERSON CIRCUIT COURT
                          HONORABLE MITCHELL PERRY, JUDGE
                          NO. 22-CI-03225

DANIEL CAMERON, IN HIS OFFICIAL                    RESPONDENT
CAPACITY AS ATTORNEY GENERAL OF
THE COMMONWEALTH OF KENTUCKY

## OPINION AND ORDER

This matter is before the Court on the motion of EMW Women's Surgical Center, P.S.C.; Ernest Marshall, M.D.; and Planned Parenthood Great Northwest, Hawai'i, Alaska, Indiana, and Kentucky, Inc., (collectively "Movants") for emergency interlocutory relief under Kentucky Rule of Civil Procedure (CR) 65.09(3).

Movants filed this motion after a Kentucky Court of Appeals' judge granted Attorney General Daniel Cameron's CR 65.07 motion for emergency relief on August 1, 2022. The grant of emergency relief in favor of the Attorney General dissolved—or ended—a temporary injunction entered by the Jefferson Circuit Court that prevented him from enforcing Kentucky Revised Statute (KRS) 311.772, the Human Life Protection Act—also referred to as Kentucky's "Trigger Law"—and Kentucky's Heartbeat Bill, codified in KRS 311.7701-7711. These laws effectively outlaw abortion in the Commonwealth except in limited instances when necessary to preserve the life of a pregnant woman. Neither law contains an exception for victims of the crimes of rape or incest to obtain an abortion if they become pregnant.

Aggrieved by the Court of Appeals' grant of emergency relief, Movants motioned this Court for emergency relief under CR 65.09(3). Under this rule, we have discretion to immediately review a ruling made by the Court of Appeals under CR 65.07 when "extraordinary cause" is demonstrated.[1] We hold that the circumstances presented by the Movants in their motion do not rise to the level of extraordinary cause. Accordingly, we decline to exercise our discretion under CR 65.09 and, hereby, Movant's motion for emergency interlocutory relief is DENIED. *See Cameron v. Beshear*, 628 S.W.3d 61 (Ky. 2021).

After the Movants filed their motion for emergency relief, the Court of Appeals recommended that the matter styled as *Daniel Cameron, et al. v. EMW*

---

[1] *See* CR 65.09(1) ("The decision whether to review such order shall be discretionary with the Supreme Court. Such motion will be entertained only for extraordinary cause shown in the motion.").

*Women's Surgical Center, P.S.C., et al.*, Case No. 2022-CA-0906-I, in that court be transferred to this Court for final disposition. The recommendation of the Court of Appeals, made pursuant to CR 76.02(5) is accepted, and transfer of Case No. 2022-CA-0906-I from the Court of Appeals to this Court, is hereby GRANTED. The Clerk of the Court of Appeals of Kentucky is directed to forthwith transfer to the Clerk of the Supreme Court all records and files in Case No. 2022-CA-0906-I. Upon the transfer of 2022-CA-0906-I to this Court, all further motions, briefs, and other filings shall be filed in Case No. 2022-SC-0329-TG.

Additional briefing and oral argument in this matter shall proceed as follows:

1. *Issues To Be Addressed.* The transferred appeal—Case No. 2022-SC-0329-TG—shall serve as the context for briefing. To clarify, the parties should brief the issues raised in the Attorney General's motion for interlocutory relief under CR 65.07 filed in the Court of Appeals on August 2, 2022, to this Court. In addition to the arguments already raised in that motion, the briefs shall also address the application of KRS 311.772 and KRS 311.7701-7711 in light of the General Assembly's enactment of HB 3 in 2022, a bill amending KRS 311.782 to prohibit abortions after fifteen weeks' gestation.

2. *Format and Due Dates of Briefs.* Briefs in this matter shall be due as follows:

A. All parties shall submit an initial brief by Monday, September 19, 2022, by 4:30 p.m. Initial briefs shall not exceed 50 pages in length.

3

B.      Interested parties wishing to file amicus curiae briefs in support of any party shall do so no later than Tuesday, October 4, 2022. Motions seeking leave of this Court to file briefs as amicus curiae shall follow all requirements of CR 76.12(7).

C.      All parties shall submit a response brief, not to exceed 25 pages in length, by Monday, October 24, 2022, by 4:30 p.m.

3.      *Oral Argument.* Pursuant to CR 76.16, oral argument is scheduled to be heard in the matter of *Daniel Cameron, in his Official Capacity as Attorney General of the Commonwealth of Kentucky v. EMW Women's Surgical Center, P.S.C., on Behalf of Itself, its Staff, and its Patients, et al.*, Case No. 2022-SC-0329-TG, Tuesday, November 15, 2022, at 10:00 a.m., prevailing Frankfort time, in the Supreme Court courtroom. Thirty minutes will be allotted each side for argument.

All sitting. Conley, Lambert, and VanMeter, JJ., concur. Keller, J., concurs in result only by separate opinion in which Nickell, J., joins. Minton, C.J., concurs in part and dissents in part by separate opinion in which Hughes, J., joins.

ENTERED: August 18, 2022.

_____
CHIEF JUSTICE

4

KELLER, J., concurring in result only by separate opinion in which Nickell, J., joins.

Members of the judiciary, and in fact all human beings, are often called upon to weigh competing interests. Rarely, however, are we tasked with weighing interests that are as heavy and as important as those at stake in the case at bar. The interests on both sides of this debate are compelling and bear on the health and welfare of all Kentuckians.

Because of the importance of these issues, it is vital that this Court, as the highest in the Commonwealth, expediently undertake a full and impartial review of the matter. Said review, however, should only be done after both sides have an opportunity to fully brief and orally argue the merits of their positions to this Court. In order to accelerate this review, we reluctantly concur with the result reached by the plurality of this Court.

However, we share many of the concerns expressed in the dissent in part regarding the Court of Appeals' exercise of its discretion in granting emergency relief to the Attorney General. The Court of Appeals not only failed to give appropriate deference to the trial court but also failed to undertake a thorough analysis that is required in a case of this magnitude, failing even to set forth the appropriate standard of review. That being said, remanding this matter to the Court of Appeals to engage in a proper analysis would only further delay the final resolution of these compelling issues. Recognizing that matters of life, death, and health are at stake, time is of the essence.

5

Finally, we note that prior to the oral arguments in this case, the citizens of this Commonwealth will have an opportunity to embrace or reject an amendment to our Constitution bearing directly on many of the issues in the underlying circuit court action. We look forward to that expression of the will of the Commonwealth.

Until then, and until this Court has had an opportunity to review a complete record, including briefing and oral arguments, we concur in result only with the plurality of this Court.

Nickell, J., joins.

MINTON, C.J., concurring in part and dissenting in part by separate opinion in which Hughes, J., joins:

Few modern issues have proven more significant, and more politically contentious, than access to abortion. Individuals and groups on both sides of the debate hold passionate and sincere convictions regarding their respective positions. Debate regarding abortion access will continue to permeate our political discourse for years to come. Courts in this Commonwealth and throughout the nation will continue to define the parameters of abortion access considering our new post-*Dobbs*[2] paradigm, which has shifted much of the litigation regarding abortion access to state courts.

Courts, as neutral, dispassionate arbiters of the law, constitute a final check on the vicissitudes of political fervor. We are frequently faced with the

---

[2] *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022).

6

difficult and unenviable task of saying what the law is, not what we think it should say based upon personal views or political expediency.

Today, as the court of last resort in this Commonwealth, we are called upon to review Movants' motion for emergency relief under CR 65.09(3). We acknowledge the magnitude of our decision with awareness that regardless of the decision we render many citizens of this Commonwealth, who hold sincere and passionate beliefs, will be deeply disappointed. While our civil rules may be highly technical and confusing, especially for non-lawyers, the practical effect of our decision today is not complicated. In being called upon to rule on this motion for emergency relief, this Court is essentially determining whether access to abortion will exist in the Commonwealth during the pendency of the above-captioned litigation. Put simply, if we grant Movants' motion for emergency relief, some access to abortion will be legal in Kentucky until this litigation is concluded or there is an intervening change in law. Alternatively, if we deny Movants' motion for emergency relief, most abortion access will remain illegal in Kentucky until this litigation is concluded or there is an intervening change in law.

In reviewing this motion for emergency interlocutory relief, we first look to the Kentucky Rules of Civil Procedure ("CR"). CR 65.09(3) allows this Court to review an order of a judge on the Court of Appeals granting or denying emergency relief in the same manner prescribed in CR 65.09(1).[3] CR 65.09(1) explains that any party adversely affected by an order of the Court of Appeals

---

[3] CR 65.09(3).

under CR 65.07 or CR 65.08 (rules dealing with interlocutory relief pending final judgment) may move the Supreme Court to vacate or modify an order granting interlocutory relief.[4] The decision whether to review interlocutory rulings made by lowers courts is within the discretion of the Supreme Court.[5] A motion for interlocutory review under CR 65.09(1) will only be entertained for extraordinary cause shown.[6]

Based on the plain text of the civil rules, we begin our legal analysis by considering whether the Movants have demonstrated extraordinary cause warranting interlocutory review in this Court. Our civil rules do not define "extraordinary cause." "Demonstrating extraordinary cause is not an easy task—in fact we have recognized that the movant faces an enormous burden when requesting relief pursuant to CR 65.09."[7] Still, an abuse of discretion by a lower court can constitute extraordinary cause.[8]

Extraordinary cause justifying emergency interlocutory review by this Court has been demonstrated here for two reasons. First, Movants' allegations of abuse of discretion by the Court of Appeals provides extraordinary cause warranting interlocutory review. Second, the issues raised in Movants' motion for emergency relief are of such significant statewide importance as to satisfy the standard for extraordinary cause.

---

[4] CR 65.09(1).

[5] *Id.*

[6] *Id.*

[7] *Chesley v. Abbott,* 503 S.W.3d 148, 152 (Ky. 2016) (internal quotation and citations omitted).

[8] *See id.*; *see also Nat'l Collegiate Athletic Ass'n v. Lasege,* 53 S.W.3d 77, 84 (Ky. 2001).

8

This Court has consistently found that an abuse of discretion by a lower court can supply extraordinary cause justifying interlocutory review. And this case is no exception. In their motion for emergency relief, Movants contend that the Court of Appeals abused its discretion in issuing a stay of the circuit court's temporary injunction. This allegation clearly provides extraordinary cause invoking emergency interlocutory review by this Court under CR 65.09(3).

Moreover, the legal issues raised in this action are of significant statewide importance and provide extraordinary cause warranting emergency review by this Court.[9] We do not review this case in a vacuum. This Court cannot turn a blind eye to the fact that this case involves one of the most contentious policy and political issues of our time. And the fact that the parties agree on transfer to this Court is an acknowledgement of what is at stake in this litigation. This case raises serious and important issues involving access to abortion and Movants make a compelling argument that women may suffer irreparable and permanent harm absent emergency relief from this Court. And the Attorney General also advances serious allegations of irreparable harm, alleging that any abortions performed during the pendency of this litigation cannot be reversed. Questions of such magnitude, involving

---

[9] *See Rogers v. Lexington-Fayette Urban Cnty. Gov't,* 175 S.W.3d 569, 570 (Ky. 2005) (concluding that voting is a sufficiently serious and important matter as to satisfy the extraordinary cause requirement justifying interlocutory review under CR 65.09).

serious allegations of irreparable harm on both sides, beg for this Court's final resolution.

Failure to find extraordinary cause justifying interlocutory review under the circumstances presented here would constitute this Court dodging its responsibility to settle legal issues of great legal importance facing the Commonwealth. It is difficult to comprehend a more important or serious legal issue than legal access to abortion in the Commonwealth. Put differently, if review of access to abortion under these circumstances does not provide extraordinary cause warranting emergency interlocutory review by this court, what issue would constitute extraordinary cause?

Having concluded that extraordinary cause exists warranting emergency interlocutory review by this Court, we must consider whether the Court of Appeals abused its discretion in granting emergency relief. "The test for abuse of discretion is whether the [ ] judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[10]

Temporary injunctive relief should only be granted where: "(1) [ ] the movant's position presents 'a substantial question' on the underlying merits of the case, *i.e.* that there is a substantial possibility that the movant will ultimately prevail, (2) that the movant's remedy will be irreparably impaired absent the extraordinary relief, and (3) that an injunction will not be inequitable, *i.e.* will not unduly harm other parties or disserve the public."[11]

---

[10] *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).
[11] *Pollitt v. Public Serv. Comm'n*, 552 S.W.3d 70, 73 (Ky. 2018)(quoting *Price v. Paintsville Tourism Comm'n*, 261 S.W.3d 482, 484 (Ky. 2008); *see also* CR 65.04(1).

"Because the elements of CR 65.04 must often be tempered by the equities of the particular situation, injunctive relief is basically addressed to the sound discretion of the circuit court."[12]

Here, the Court of Appeals abused its discretion by failing to show any deference to the findings made by the circuit court in setting aside the order granting a temporary injunction. In the Court of Appeals' six-page order granting emergency relief from the temporary injunction, the court failed to engage in any analysis regarding whether the circuit court abused its discretion in entering a temporary injunction. Instead, the Court of Appeals engaged in its own de novo review of the merits of the circuit court's grant of injunctive relief. Failure to show deference to the factual and equitable conclusions of the circuit court constitutes abuse of discretion by the Court of Appeals because failure to apply the appropriate standard of appellate review is unreasonable and unsupported by sound legal principles.

Kentucky law requires appellate courts to show appropriate deference to the equitable determinations of trial courts when considering a motion for injunctive relief. And for good reason. Trial courts are best positioned to hear testimony and review evidence in making highly factual equitable determinations. This case provides a perfect example. Here, the trial court presided over an evidentiary hearing and was best positioned to determine

---

[12] *Boone Creek Props., LLC v. Lexington-Fayette Urban Cnty. Bd. of Adjustment*, 442 S.W.3d 36, 38 (Ky. 2014) (citations omitted); *see also Lasege*, 53 S.W.3d at 84; *Bartman v. Shobe*, 353 S.W.2d 550, 554–55 (Ky. 1962); *Maupin v. Stansbury*, 575 S.W.2d 695, 697–98 (Ky. App. 1978) (holding that "injunctive relief is basically addressed to the sound discretion of the trial court" and "[u]nless a trial court has abused that discretion, this [c]ourt has no power to set aside the order below").

11

whether injunctive relief was warranted in this matter. The Court of Appeals abused its discretion by engaging in de novo review and making its own legal conclusions without citing to any of the factual findings from the evidentiary hearing or deferring to any of the trial court's factual conclusions. As a result, the Court of Appeals erred in staying the circuit court's temporary injunction. This Court should correct that legal error by reversing the Court of Appeals' order and reinstating the circuit court's temporary injunction until such time as this Court can fully and finally address the issues raised by both sides in this litigation or those issues become moot by virtue of an intervening change in the law.

As a result, we must respectfully dissent. We would find that extraordinary cause exists warranting this Court's review of Movants' motion for emergency interlocutory relief. We would also grant Movants' motion for emergency interlocutory relief because the Court of Appeals abused its discretion by failing to give appropriate deference to the circuit court's factual and equitable conclusions. The temporary injunction entered by the Jefferson Circuit Court should remain in place pending final resolution of this litigation or an intervening change in law.

We concur in the portion of the Order granting transfer of this matter to this Court under CR 76.02(5).

Hughes, J., joins.

12